THE PEOPLE, *ex rel.* FIELD *vs.* TURNER, Judge of the Eighth Judicial District.

An attachment will not be issued against a district judge for non-compliance with a writ of *mandamus*, by which he was directed to vacate an order expelling the relator from the bar, and reinstate him in his office of attorney, where it does not appear from the papers on which the motion for the attachment is founded, that any application has been made to the *court* to vacate the order as commanded by the writ of *mandamus*, and where it appears that, so far as the action of the judge in *vacation* is concerned, he has in substance complied with the command of the writ of *mandamus* : and in such case, it will not be deemed a disobedience of the writ, that the court has again expelled the relator for reasons alleged to have arisen *after* the issuing of the writ.

APPLICATION for an attachment against the Judge of the Eighth Judicial District. The facts on which the motion was based will be found in the opinion of the court, and in *The People, ex rel. Mulford* v. *The Judge of the Eighth Judicial District*, (*ante, p.* 143,) and in *The People, ex rel. Field* v. *The same*, (*ante, p.* 152.)

*Stephen J. Field*, in *pro. per.*

*By the Court*, HASTINGS, Ch. J. At the last term of this court, Stephen J. Field and others, practising as attorneys and residing in the town of Marysville of this state, appeared before the supreme court and were admitted attorneys thereof. After being so admitted they presented to the court a petition representing that, without *notice*, the judge of the eighth judicial district, at the preceding term of the Yuba district court, ordered the said Field and others to be expelled from the bar. This order, it appeared, was based upon an alleged contempt of the district court. We then decided, and see no reason now to

The People *v.* Turner.

change our views, that an order of expulsion of a member of the bar, without notice to appear and answer, having no opportunity of being heard and making his defence, was irregular and void, and issued a writ of *mandamus,* commanding the judge to cause to be vacated the order specified. A motion is now made in this court by Mr. Field for an attachment against the judge for contempt, in not obeying the process of *mandamus.* The affidavit of Field represents that said order has not been vacated, and a certificate of the clerk is appended, by which it appears that the order, as entered upon the docket, remains as yet uncancelled, and that Field and others have again been expelled by the judge since the service of the *mandamus.* No motion was made by either of the attorneys expelled or by any person in their behalf, in the district court, to cause the order to be vacated, nor does it appear from any of the papers presented that the judge has refused to obey the mandate of this court. It appears that after service of the *mandamus,* Field and others were summoned to appear before the district court of Sutter county to show cause why they should not be expelled from the bar, for an alleged contempt, committed since the proceedings in the supreme court, in relation to the first expulsion. An inference may be fairly drawn from these last proceedings that the judge had in substance obeyed the mandate of this court.

The attorneys had been expelled, and unless the power of this court to restore was fully recognized, it would appear unnecessary to re-expel them.

At the October term of the Sutter district court, 1850, an order was entered by direction of the judge on the records of the court, the preamble of which is as follows: "Whereas the "supreme court having reinstated Stephen J. Field, F. O. Good- "win, and S. B. Mulford, as members of the bar of the district "court of the eighth judicial district, after having been expell- "ed from the same by an order of said court," &c.

The power of this court to restore was thus recognized, and the mandate of the court substantially complied with.

Motion refused.