----o----

PEOPLE EX REL. WILLIAM RANKIN ET AL. v. WAYNE CIRCUIT JUDGE.

*Removal of causes—Mandamus.*

Where a cause has been regularly removed and the court from which it has been transferred assumes to treat it as still within its jurisdiction, and vacates the order of removal, mandamus lies to compel it to vacate the latter order.

MANDAMUS. Submitted June 14. Granted June 18.

*Ed. E. Kane* for relators.   Where a cause has been regularly removed with the assent of the court from which it is transferred, the court cannot continue to exercise jurisdiction over it; Dillon on Removal of Causes, 76; *Livermore v. Jenks,* 11 How. Pr., 479.

GRAVES, J.   March 29th, 1877, Daniel German commenced a suit against relators, in the circuit court by declaration to recover a money demand, all the parties being residents of the city of Detroit.

On the 16th of April following, the relators entered their appearance, and at the same time applied in regular form to the circuit court for the removal of the cause to the Superior Court of Detroit, and tendered a bond executed by them and a surety in the form prescribed, and thereupon the circuit court ruled that the bond was satisfactory and accepted the surety as sufficient.

May 5th, 1877, and on or before the first day of the term of the Superior Court succeeding these events, the relators caused to be filed in the office of the clerk of such court a duly certified transcript of all the papers and proceedings in the cause in the circuit court, and the action was then regularly entered in the Superior Court, and on the 8th of May, three days afterwards, the relators demanded a bill of particulars and made it expressly as in case of an action in the Superior Court.

May 12th, 1877, the circuit court assumed to entertain a motion by the plaintiff in the action to vacate the order for removal, and on the 13th of August following entered an order purporting to grant the motion, and since that time the court has continued to assert jurisdiction in disregard of objection by relators.   The facts are admitted and a mandamus is asked to require the circuit judge to rescind the order of August 13th, and all later proceedings in the circuit court.

The case stands on demurrer to the application, but as no one has appeared for respondent, and no brief has been offered, we are left without any knowledge of

the grounds of opposition, if in fact there are any which are relied on.

It appears to us that the cause was regularly trans-ferred, and that the circuit court had lost jurisdiction. If power over the cause still remained in that tribunal there would be great difficulty in the attempt to ascertain at what stage it would terminate.

The proceedings to remove had been in due form and in season. The court had sanctioned them and had adjudged in favor of the right, and all the steps required to consummate an actual removal had been taken and completed, and the cause had come to be one subsisting in fact in the Superior Court and with the approbation of the circuit court. It seems to us that the power of the circuit court was, in these circumstances, at an end, and that the proceedings complained of were unauthorized and should be set aside.

Let the writ issue as prayed.

The other Justices concurred.