STATE OF MISSOURI *ex rel.* JEFFERSON D. STORTS, Respondent, v. THOMAS H. PEABODY, POLICE JUSTICE, FIRST DISTRICT, CITY OF ST. LOUIS, Appellant.

**St. Louis Court of Appeals, November 12, 1895.**

1. **Mandamus:** ILLEGAL SUSPENSION OF AN ATTORNEY FROM PRACTICE. *Mandamus* is a proper remedy for the restoration of the right of an attorney to practice in a court, when such court has suspended him from practice without having jurisdiction so to do.

2. **Attorneys:** DISBARMENT FROM PRACTICE: JURISDICTION OF POLICE COURTS OF CITY OF ST. LOUIS. The city of St. Louis can not, by ordinance, authorize its police justices to disbar or suspend an attorney at law from practicing in their courts, since the power to disbar attorneys is restricted by statute to other courts.

*Appeal from St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED.

*W. C. Marshall* and *Charles Claflin Allen* for appellant.

*M. Kinealy* and *James R. Kinealy* for respondent.

ROMBAUER, P. J.—The relator is an attorney duly licensed to practice law in this state, and was enrolled as such attorney in the police court of the first district of the city of St. Louis, in which court the defendant officiates as judge. On the eighteenth day of June, 1895, the defendant entered an order on the docket of the court striking the relator's name from the roll of attorneys in that court, and suspending him

from practice therein, until further orders of the court. The circuit court thereupon issued its writ of alternative *mandamus* against the defendant, citing him to show cause why he should not be commanded to permit the relator to appear and practice in said police court. To this writ the defendant made return stating, in substance, that by virtue of sections 25 and 26, article 4, of the charter of the city of St. Louis, he was authorized to exercise the powers and perform the duties which may be prescribed by ordinance, and that by an ordinance of the city, in force since 1892, it is prescribed "that no attorney shall practice in said court (the police court), unless his name appear on the roll of attorneys by authority of the police justice, and any attorney's name may be stricken therefrom by order of the police justice for unworthy conduct, or character derogatory to the respect due to the court." The return then goes on to state that the relator was guilty of contemptuous and overbearing conduct toward the defendant in open court (stating such conduct in detail), and that thereupon the defendant ordered his name to be stricken from the roll of attorneys. To this return the relator demurred. His demurrer was sustained, and, the defendant declining to plead further, the circuit court issued its peremptory *mandamus* commanding the defendant to reinstate the relator. Hence this appeal.

Before proceeding to consider the main point in the case, we will briefly dispose of one other point urged upon the argument. The defendant contends that *mandamus* is not the proper remedy. It is doubtful whether this question is properly raised by defendant's return, which is in the nature of a plea in bar, but, even if properly raised, its solution depends on the ulterior question of jurisdiction. That *mandamus* can not be invoked if the defendant had jurisdiction to enter the order complained of is conceded by the relator, and

.is an elementary proposition. *State ex rel. v. Oliver*, 116 Mo. 188, and cases cited. The question, therefore, ·is, whether the defendant had jurisdiction to enter the order complained of. If he had, *mandamus* will not lie. If he had not, *mandamus* is the proper remedy. *State ex rel. v. Laughlin*, 73 Mo. 443.

The jurisdiction is claimed by virtue of the provisions of the city charter set out in the return, and by virtue of the city ordinance likewise set out. The constitution provides that the charter of the city of St. Louis and its amendments shall always be in harmony with, and subject to, the constitution and laws of the state of Missouri, and it stands conceded that if, under the laws of the state of Missouri, the defendant could not ·be deprived of his privilege to exercise his calling as an attorney at law, except by a judgment of disbarment pronounced against him by a court of general jurisdiction, then the order disbarring the defendant from practicing in the police court was beyond the jurisdiction of that court, and is void.

In *State ex rel. v. Laughlin*, *supra*, it was held that, as the legislature has specially provided that an attorney may be suspended or removed from practice upon such charges being exhibited and proceedings therein had in the supreme court, the St. Louis court of appeals, or the circuit court, all proceedings for suspension or disbarment *must be had* in the courts named. The defendant contends that that view has been modified by the supreme court in *State ex rel. v. Mullins*, 31 S. W. Rep. 744, but that contention is not borne out by that case. That case was a proceeding for disbarment instituted in the supreme court, and the court, in discussing the power of courts over attorneys, says: "While an attorney at law is an officer of the court in which he practices his profession, he is not the holder of an office of public trust, and such court has an inherent

power and control over him, and may for good cause—
that is, for professional misconduct—suspend him from
the practice, or strike his name from the role of attor-
neys, *in the absence of statutory* enactment prohibiting
it from doing so, *or prescribing the mode in which such
proceedings shall be conducted.*" This case, therefore,
concedes what the Laughlin case directly asserts, that,
where the statute prescribes the mode of disbarment, it
operates as an abridgment of the common law power
inherent in courts to regulate the conduct of their at-
torneys, even by suspending or expelling them.

Under the statute of 1889 an attorney's license is-
sued to the relator authorized him to appear as attor-
ney in all the courts of the state. He became by
enrollment an attorney of the police court, subject to
the laws of the state. True it is that this was a mere
privilege granted to the relator, which the state could
revoke at any time. It could also prescribe the terms
on which the relator could exercise it. Had the *charter*
of the city of St. Louis prescribed that its police jus-
tices should possess power to disbar attorneys from
practicing before them, the question whether such
power was taken away by a subsequent general law
providing for the disbarment of attorneys would prop-
erly arise for discussion. That question is ably argued
by defendant's counsel, but we deem it foreign to the
issues in this case.

By the charter of the city of St. Louis, the police
court has simply power to enforce all legal orders and
judgments as a court of record may, and to exercise the
powers and perform the duties which may be prescribed
by ordinance. The power thus granted is subject to
the restriction that it shall be in harmony with the laws
of Missouri. An ordinance granting to the police jus-
tice authority to disbar attorneys in his court is not in
harmony with the laws of Missouri, as expounded in

*State ex rel. v. Laughlin, supra.* The question, therefore, is not one of *repeal* of a grant, but one of *extent* of a grant. The grant under which the defendant claims to have acted was never made to the city, and hence could not be repealed.

All the judges concurring, the judgment is affirmed.