STATE OF NEBRASKA, EX REL. WILLIAM REYNOLDS, V. GUY T. GRAVES, DISTRICT JUDGE.

FILED OCTOBER 22, 1902. No. 12,962.

1. **Injunction:** TRANSFER OF POSSESSION OF PROPERTY FROM ONE LITIGANT TO ANOTHER. A court or judge has no authority by a provisional injunction to transfer the possession of real or personal property from one litigant to another.

2. ———: ———: ORDER AT CHAMBERS WITHOUT HEARING OR NOTICE, VOID. Such an order made by a judge at chambers, without a hearing or any opportunity to be heard, *held* to be, not merely erroneous, but absolutely void.

3. **Superintending Authority of King's Bench:** INFERIOR TRIBUNALS: MANDAMUS: CONSTITUTION. The superintendent authority of the king's bench over inferior tribunals is, to the extent that it may be exercised by the use of the writ of mandamus, included in, and part of, the original jurisdiction given by the constitution to this court.

8

4. **Mandamus to Vacate Injunction: DISTRICT JUDGE.** A judge of the
district court may, if the ordinary remedy is inadequate, be
compelled by mandamus to vacate an injunction granted by
him without jurisdiction or authority.

ORIGINAL application for a writ of mandamus to com-
pel the respondent, as district judge, to vacate an injunc-
tion.  *Writ allowed.*

*Hiram Chase,* for relator.

*Thomas L. Sloan, contra.*

SULLIVAN, C. J.

This action, brought for the purpose of compelling re-
spondent, as judge of the eighth judicial district, to va-
cate two provisional injunctions allowed by him at the
instance of Oran B. Phillips, grows out of a controversy
over the right of possession of a quarter section of farm-
ing land in Thurston county.  One eighty of the land is
owned by Blanche R. Phillips, a minor, and the other
eigthy is part of the estate of Mary V. Phillips, deceased.
On August 28, this year, Oran B. Phillips instituted two
actions, one as guardian of Blanche R. Phillips and the
other as administrator of the estate of Mary V. Phillips,
to enjoin the relator from going upon the real estate in
question and from interfering in any way with the crops
growing thereon.  The petitions in the two cases, except
as to the property described and the averments of owner-
ship and representative capacity, are substantially identi-
cal.  One of them, omitting formal parts, is as follows:

"The plaintiff for cause of action against the defendant
alleges:

"1. That the said plaintiff is the duly appointed, quali-
fied and acting administrator of the estate of Mary V.
Phillips, deceased.

"2. That the said Mary V. Phillips, deceased, died in
said Thurston county, Nebraska, seized of real estate in
said Thurston county described as follows, to wit:  South

half of the northwest quarter of section 24, township 25, north range 7, east of the 6th P. M.

"3. That the plaintiff as administrator aforesaid is charged with the duty of protecting the said property of the said decedent against loss, damage and destruction and is entitled to the possession, use and benefit and control of said property for and on behalf of the estate of the said decedent.

"4. That the defendant William Reynolds has committed repeated acts of trespass upon the said land of your petitioner's decedent by going upon the said land and by using the same without any right whatever and is threatening to repeat said acts of trespass and to continue said use of said lands regardless of the rights of your petitioner to the possession, use and benefit of the said lands all to the great and irreparable injury of the estate of your petitioner's decedent and to your petitioner as administrator aforesaid. And the said defendant in utter disregard of your petitioner's rights and of the rights of the estate of your petitioner's decedent has threatened to remove from said land the crops of corn and wheat now being upon said land and being the property of the said estate of your petitioner's decedent and of your petitioner as administrator aforesaid, and to dispose of the same to his own use and benefit and to deprive your petitioner as administrator aforesaid of the said property, and will unless restrained by order of this court remove, sell and dispose of said crops of wheat and corn and will continue his said trespasses upon the said land to the great and irreparable injury of the estate of your petitioner's decedent and of your petitioner as administrator aforesaid.

"5. That the defendant is insolvent and that a judgment for damage could not and can not be enforced against him and that the plaintiff has no adequate remedy at law. Wherefore your petitioner prays for a temporary order of injunction restraining the defendant, his servants and agents from trespassing upon the land above described and from removing or attempting to remove the crops of

corn and wheat now being upon said land and from dis-
posing of or in any manner interfering with said property
or any part thereof, until the final hearing of the cause
and on final hearing of the cause said injunction be made
perpetual and for such other relief as is just and equitable."

Both petitions were presented to respondent as· judge
of the district court, and upon each of them he indorsed
the following order: "Upon the reading the petition of
the plaintiff, duly verified, and for good cause shown, it
is ordered that an injunction be granted herein enjoining
the defendant his servants and agents from trespassing
upon the following described land, to wit: South half of
the northwest quarter of section 24, township 25 north,
range 7 east of the 6th P. M. in Thurston county, Ne-
braska, and from removing or attempting to remove the
crops of corn and wheat now being upon said lands and
from disposing of or in any manner interfering with
said property or any part thereof, until the further order
of the court upon the plaintiff executing and delivering
to the clerk of this court an undertaking to the defend-
ant in the sum of $500 with approved sureties, conditioned
as required by law."

The undertakings required by these orders were fur-
nished by Phillips and were approved by the clerk of the
district court, who thereupon issued summonses notifying
relator that the actions were pending and that injunctions
had been allowed.

The case now before us was brought on the theory that
the respondent exceeded his authority in granting the pro-
visional injunctions and that this court should by writ of
mandamus compel him to rescind his action. The submis-
sion of the case was somewhat irregular, but from the
pleadings and admissions made by counsel at the trial it
is, we think, entirely clear that relator was, and had been
ever since March 1, 1901, in exclusive possession of the
land under and by virtue of a written lease executed to
him by Oran B. Phillips, the husband of Mary and the
father of Blanche. It further appears that the land is

within the limits of the Omaha Indian reservation, and that it had been allotted to Mary and Blanche, as members of the Omaha tribe of Indians, in accordance with the acts of congress providing for the allotment in severalty of tribal lands. The ground upon which Phillips proceeds in the actions brought by him against the relator is that the relator's lease is invalid and his possession, therefore, unlawful. Whether this position is tenable we need not determine. It may be.that the lease is void. Conceding that it is, the fact still remains that relator entered under it and was in actual, exclusive and peaceable possession of the land, and of the crops growing thereon, at the time the injunctions were allowed. This being so, the necessary effect of the orders made by respondent, if heeded or enforced, would be to dispossess the relator, to exclude him from the property and transfer his possessory right to Phillips, who was left free to enter and reap where he had not sown. Phillips was, it is true, claiming the land, but he did not occupy it, and the injunctions were therefore not granted for the purpose of preventing a threatened invasion of a present actual possession. Clearly the action of respondent in attempting to take from relator, without a hearing or an opportunity to be heard, the possession of real and personal property which he claimed, and still claims, was rightfully his, can not be justified as an exercise of judicial power. The provisional injunction was never designed to transfer the possession of property from one litigant to another. A court or judge can not thus dispossess a party, and then compel him to produce evidence and establish his title in order to obtain restitution. "It has been decided repeatedly," says Mr. Justice Campbell, in *Tawas & B. C. R. Co. v. Iosco Circuit Judge,* 44 Mich., 479, "that any decree or order divesting possession or rights on a preliminary inquiry is illegal and void, so that no one need respect or obey it." In *Calvert v. State,* 34 Nebr., 616, a case which is in no material feature distinguishable from the one at bar, it was held that the provisional injunction allowed by the district judge was

absolutely null. In the opinion written by MAXWELL, C. J., it is said: "A temporary injunction merely prevents action until a hearing can be had. If it goes further, and divests a party of his possession or rights in property, it is simply void." This statement seems to be fully sustained by the adjudged cases in other jurisdictions, and we have found no decision giving color or countenance to a contrary view. But whether the action of respondent be regarded as absolutely void or only voidable, as his counsel contends, it was manifestly an abuse and perversion of process that ought to be speedily corrected.

We have, of course, authority to review and reverse it in an appellate proceeding, but, under the circumstances here disclosed, that remedy is not, in our judgment, an adequate one. The rights of the relator can be adequately protected only by the prompt rescission of the orders of which he complains; and the power to grant this relief by mandamus is certainly vested in this court. The superintendent authority of the king's bench over inferior tribunals is, to the extent that it may be exercised by the use of the writ of mandamus, included in, and part of, the original jurisdiction given by the constitution to the supreme court. In *State v. Beall,* 48 Nebr., 817, this court issued a mandamus requiring the judge of the Tenth district to receive and enter of record a verdict which was, in his judgment, defective both in form and substance. Although no reference is made in the opinion to the source of the authority under which the court acted, what it did was undoubtedly an exercise of the revisory jurisdiction or superintending control by which the king's bench, from the earliest times, kept inferior courts within their legitimate bounds. Whether the verdict responded to the issues made by the pleadings and was sufficient in form was a question which the trial court was bound to decide. It was a judicial question, and the decision of it was, after final judgment, subject to revision by this court in the exercise of its appellate jurisdiction. The allowance of the writ of mandamus was, therefore, justifiable only on the

ground that the decision of the trial court was erroneous and the ordinary remedy for its correction inadequate. While the writ of mandamus can not be made to perform the functions of an appeal or proceeding in error, it may be, and commonly is, employed to coerce judicial action in cases where courts or magistrates have exceeded their jurisdiction; and, according to some authorities, its use is warranted even in cases where jurisdiction was not wanting, but power and discretion were flagrantly abused. Some of the cases dealing with this question are *People v. Judge of St. Clair Circuit,* 31 Mich., 456; *People v. State Treasurer,* 24 Mich., 468; *Tawas & B. C. R. Co. v. Iosco Circuit Judge,* 44 Mich., 479; *Ex parte Bradley,* 7 Wall. [U. S.], 364; *Ex parte Pile,* 9 Ark., 336; *Wood v. Strother,* 76 Cal., 545; *Havemeyer v. Superior Court,* 10 L. R. A. [Cal.], 627; *City of Huron v. Campbell,* 3 S. D., 309; *State v. Johnson,* 103 Wis., 591; *State v. Laughlin,* 75 Mo., 358.

In disposing of this case it is not necessary to determine whether mandamus will ever issue to correct an error made by an inferior court in the exercise of jurisdiction. That question is not now before us, and we therefore go only to the extent of holding that upon the facts in the present record the writ should be allowed.

WRIT ALLOWED.