STATE, EX REL. AMY M. MURPHY ET AL., RELATORS, V. GUY
T. GRAVES, JUDGE, RESPONDENT.

FILED NOVEMBER 1, 1912.  No. 17,587.

1. **Mandamus:** VACATION OF INJUNCTION. This court has jurisdiction
by mandamus to compel a judge of the district court to vacate
an order of injunction, if the district court was entirely with-
out jurisdiction to make such order.

2. **District Courts:** POWER TO ENJOIN JUSTICE'S JUDGMENT: QUÆRE.
Whether the district court has jurisdiction in an action brought
solely for that purpose to enjoin the enforcement of a judgment
of a justice of the peace in forcible entry and detainer on the
ground that the justice had no jurisdiction because title to real
estate was drawn in question is doubted, but not determined, the
case being disposed of upon other grounds.

3. **Injunction:** ENJOINING JUDGMENT OF FORCIBLE ENTRY AND DETAINER.
The district court has jurisdiction of an action to enforce the
specific performance of a contract for the sale of real estate, and
in such action may enjoin the prosecution of an action of forcible
entry and detainer involving the same premises and pending
upon appeal from justice court, and may enjoin the enforcement
of the judgment of the justice while such appeal is pending.

ORIGINAL application for a writ of mandamus to com-
pel respondent to vacate an injunction. *Dismissed.*

*Harry L. Keefe* and *Hiram Chase,* for relators.

*Curtis L. Day* and *Brome, Ellick & Brome, contra.*

SEDGWICK, J.

The plaintiffs applied to this court in its original juris-
diction for a writ of mandamus to require the defendant
to vacate an order of injunction which he had issued as
judge of the district court for Thurston county. The re-
lators Amy M. Murphy, Gertrude Murphy and Alice
Murphy were the owners of the land in dispute, and the
relators Leisenberg and Litchie claimed an interest in the
land under a lease. The Murphys contracted to sell the

land to one Harry D. Hancock, who made a substantial payment upon the contract of purchase and assumed the mortgage upon the land, agreeing by the contract to pay the balance of the purchase money when the abstract was furnished showing title. In the meantime creditors of the Murphys attached the land, and litigation arising upon this attachment appears to have prevented the completion of their contract with Hancock. Afterwards the Murphys made a contract of lease with these other relators, whereby they agreed to lease the land for the term of three years. Hancock claims the right of possession of the land under his contract, and made a contract with one Burcham, whereby he leased the land to Burcham. Burcham obtained possession of the land through an assignment of an old lease which was about to expire, and the relators Leisenberg and Litchie, claiming the right of possession under their lease with the Murphys, began an action of forcible entry and detainer against Burcham, Hancock and others in justice court, and obtained a judgment of restitution therein. The defendants in that action took an appeal to the district court, but the plaintiffs gave bond under the statute and demanded a writ of restitution to put them in possession, notwithstanding the appeal. Harry D. Hancock then began an action in the district court for a specific performance of his contract, making the Murphys defendants, and also these relators Leisenberg and Litchie and other parties claiming to be interested. In that action the injunction complained of was issued restraining the Murphys and Leisenberg and Litchie from proceeding further with their action of forcible entry and detainer, and from obtaining possession under their judgment therein. It appears from the return to the alternative writ of mandamus that since the writ was issued the Murphys have completed their contract with Hancock and have executed to him a deed of the land in controversy. They have filed herein a dismissal of this action so far as they are concerned. The relators Leisenberg and Litchie insist that they are en-

titled to a peremptory writ requiring the respondent as judge of the district court to vacate the order of injunction so far as it interferes with their obtaining possession of the premises under their judgment in forcible entry and detainer.

If the district court was entirely without jurisdiction to grant the injunction now complained of, these relators are entitled to the relief demanded. *State v. Graves*, 66 Neb. 17.

Two reasons are urged in the briefs for refusing this writ:

First. It is said that the record shows that in the action of forcible entry and detainer the title to real estate was drawn in question, and that therefore the justice of the peace had no jurisdiction and the judgment of restitution should for that reason be enjoined. The case of *Cobbey v. Wright*, 34 Neb. 771, is relied upon to support this contention. In that case a judgment had been entered against the plaintiff as garnishee, and he brought the action to restrain its enforcement. It appeared that the plaintiff had never been served as garnishee, and had no notice of the proceedings in which judgment was rendered against him. The court, therefore, which entered the judgment had no jurisdiction over the party against whom the judgment was rendered. In this case the justice court had jurisdiction over all the parties interested. It also had jurisdiction to determine the right of possession of the real estate. If the justice found from the evidence before him that the right of possession depended upon the title to the real estate, either legal or equitable, the law required him to enter judgment for the defendant. When the question was presented to him as to whether the right of possession would depend upon the title to real estate, he must determine that question from the evidence as he determined other questions of fact. If he determined that question incorrectly, it could be remedied by appeal. It is therefore by no means clear that, if the sole purpose of the injunction was to prevent the justice from making an

incorrect finding of fact and enforcing the judgment based upon such incorrect finding, the district court would have jurisdiction to grant such a writ. The determination of this case, however, does not depend upon the solving of that question.

Second. The petition in the injunction suit and the facts admitted in this record establish that the controversy between the parties was whether Mr. Hancock was entitled to a specific performance of his contract for the purchase of the land, and that the right of possession and the action of forcible entry and detainer in which that right of possession was in controversy were ancillary to and dependent upon the contract of purchase. There can be no doubt that Mr. Hancock was entitled to bring the action in the district court to enforce the specific performance of his contract, and, when that action was brought in a court of equity with general and complete jurisdiction, it would be the duty of that court to determine all ancillary matters affecting the result of that action or necessarily involved in it. If the action in equity resulted in determining that the plaintiff was entitled to a deed of the land which would carry the right of possession with it, it would be the duty of the court in determining the plaintiff's right in the land itself to also determine and enforce his right of possession. The district court was therefore not without jurisdiction to take full possession of all matters pertaining thereto.

It follows that the relators are not entitled to the peremptory writ, and the action is

DISMISSED.