HIGGINS v. BURTON, Judge.

No. 4220.   Decided December 26, 1924.   (232 Pac. 914.)

1.  MANDAMUS—PROPER REMEDY FOR ACTION OF COURT, WITHOUT
    JURISDICTION IN DENYING ATTORNEY RIGHT TO PRACTICE.  Where,
    in denial of right of attorney at law to practice in courts in
    cases pending therein, judge acted either without or in excess
    of jurisdiction, mandamus is proper remedy to restore right.

2.  ATTORNEY AND CLIENT—COURT'S INHERENT POWER TO DISBAR OR
    SUSPEND ATTORNEY'S AT LAW CONTROLLABLE BY LEGISLATURE.
    Although courts of general jurisdiction have inherent power,
    in view of Comp. Laws 1917, §§ 316-349, to disbar and suspend
    attorneys at law, yet that power may be controlled and right
    to disbar or suspend regulated by Legislature.[1]

2.  ATTORNEY AND CLIENT—DISTRICT COURT MAY PUNISH ATTORNEY
    FOR CONTEMPT, AND TEMPORARILY SUSPEND HIM THEREFOR.  Dis-
    trict court may punish attorney at law for contempt, and as
    consequence may temporarily suspend him from right to prac-
    tice before it until he has complied with court's order; right,
    however, being different from right to remove and suspend for
    other causes.

4.  ATTORNEY AND CLIENT—DISTRICT COURT MAY NOT SUSPEND AT-
    TORNEY FOR OTHER CAUSES THAN CONTEMPT, WITHOUT CHARGE
    FILED AND NOTICE TO APPEAR AND DEFEND.  District court may
    not suspend attorney for other causes than contempt, although
    such causes may be ground for suspension or disbarment,
    without some charge being filed, and notice to appear and
    defend being given.

Application by William B. Higgins for alternative writ
of mandate against Hon. Thomas H. Burton, as Judge, etc.
On demurrer and motion to quash alternative writ.

[1] *In re Evans*, 42 Utah, 282, 130 P. 217.

DEMURRER AND MOTION OVERRULED, and peremptory writ issued.

*Wm. B. Higgins,* of Fillmore, and *J. H. McKnight,* of Nephi, for plaintiff.

*Sam Cline,* of Milford, for defendant.

FRICK, J.

The plaintiff, an attorney at law, who is also district attorney in and for the Fifth judicial district of this state, made application to this court for an alternative writ of mandate against the Hon. Thomas H. Burton as judge of the several district courts within said district to restore plaintiff to his right to practice his profession as attorney and counselor at law in said courts; plaintiff's right to practice having theretofore been suspended by said judge, without a hearing. An alternative writ was duly issued. A demurrer and motion to quash the alternative writ have been filed upon the ground that mandamus is not the proper remedy.

The alternative writ was issued upon the theory that in denying plaintiff the right to practice in said courts in cases pending therein, in which plaintiff appeared as attorney, the judge acted either without or in excess of jurisdiction. If such be the case, mandamus, under the authorities, is the proper remedy. In *Withers* v. *State,* 36 Ala. 252, the court held:

"If a court prohibits an attorney, whose license authorizes him to practice before it, and who has not been removed or suspended in the mode prescribed by the statute, from appearing at its bar as counsel in causes in which he has been employed, this is the deprivation of a clear legal right, to the enjoyment of which he will be restored by mandamus."

Precisely to the same effect are *Ex parte Bradley,* 7 Wall. (U. S.) 364, 19 L. Ed. 214; *People* v. *Turner,* 1 Cal. 189; *State ex rel.* v. *Peabody,* 63 Mo. App. 378. See, also, Merrill on Mandamus, § 195.

We shall now proceed to a consideration of (1) whether the district courts of this state have jurisdiction or authority to suspend or disbar attorneys at law; and (2) if they have such power whether the act in denying plaintiff the right to be heard is in excess of that power.

There is no doubt that, although courts of general jurisdiction have the inherent power to disbar and suspend attorneys at law, yet it is equally clear that the power may be controlled and the right to disbar or suspend regulated by the legislative power. *In re Evans,* 42 Utah, 282, 130 P. 217; *In re Robinson,* 48 Wash. 153, 92 P. 929, 15 L. R. A. (N. S.) 525, 15 Ann. Cas. 415.

While in this state the admission and disbarment or suspension of attorneys at law have been controlled and regulated by statute for many years, yet, in view of the many changes that have taken place in changing from a territorial to a state government, the law, in some respects, is not as clear and certain as it should be. The first comprehensive act regulating the admission and disbarment or suspension of attorneys at law was passed in 1884. Laws Utah 1884, p. 178. It is there provided that:

Every "applicant for admission as an attorney and counselor, must produce satisfactory testimonials of good moral character, and  *  *  *  undergo a strict examination in open court as to his qualifications, by a committee appointed by the justices of the Supreme Court; Provided, That the several district courts of this territory may admit applicants to practice as attorneys and counselors in their respective courts upon like testimonials and examination." Section 143.

That law was carried into Comp. Laws Utah 1888 (2 C. L. U. 1888, p. 214). When the territorial government was merged into a state government the laws were revised and carried into the Rev. St. Utah 1898. When the act of 1884, which was incorporated into the compilation of 1888, was carried forward into the Rev. St. Utah 1898, the provision that the district courts had the power to admit attorneys to practice in their "respective courts" was omitted, and from that time all admissions have been had in the Supreme Court. It may be here stated parenthetically, also, that since then all disbar-

ment proceedings have been conducted in the Supreme Court. Since then the laws have been amended so as to confer power on the Supreme Court to formulate and promulgate rules respecting the examination of applicants and their admission to practice law. See Comp. Laws Utah 1917, §§ 316 to 349, both inclusive. The necessary procedure for the removal and suspension of attorneys at law in this court is also provided for in those sections. In the act of 1884 it was provided, however, that "an attorney and counselor may be removed or suspended by the Supreme Court, and by the district courts." The provision that the district courts had the power to remove and suspend was then in strict harmony with the proviso to which we have referred which authorized those courts to admit to practice. When that provision was omitted from the Rev. St. Utah 1898, the power to admit was withdrawn, while apparently the power to remove was retained. The law was thus left illogical in this, that while the Supreme Court was the only court which could admit attorneys to practice the district courts could nevertheless remove them. The law is therefore in an unsatisfactory state in that attorneys may be admitted by one court only, namely, the Supreme Court, and when so admitted have the absolute right to appear before and practice in all the courts of the state while the district courts may nevertheless remove them, and may thus deprive them from the exercise of the right that can only be conferred by the highest court of the state. In other words, an inferior court may destroy a right that is conferred by a superior one. It certainly was not intended that the district courts should have the power to destroy or affect the right to practice in the Supreme Court. Nor can any one of the district courts destroy or affect the right to practice in any other district court. If, therefore, the district courts still possess the power to remove attorneys, that power cannot be exercised so as to affect the right to practice in any other court except the one which enters the judgment of removal.

The status of attorneys in this state is thus, to say the least, somewhat anomalous. They may be attorneys in good standing in all of the courts of the state except one. Again, since

their right to practice emanates from this court alone, and since a certificate from this court authorizes them to appear before all of the courts of the state, and is conclusive and binding upon all of the courts of the state, how can a district court ignore that certificate and refuse an attorney who is in good standing in this court and is armed with a certificate to that effect the right to appear and be heard before and by that court? True, any district court may punish an attorney at law either by fine or limited imprisonment who is guilty of contempt, and as a consequence may temporarily suspend him from the right to practice before it until he has complied with the order of the court. That, however, is an inherent right every court possesses by virtue of its office. That, however, is entirely different from the right to remove or suspend from practice for other causes. In our judgment the law is in its present state through an oversight, or, at least, through inadvertence, rather than through design of the legislative power, or any one else. When the commissioners who prepared the Revised Statutes of 1898 omitted the right of the several district courts to admit attorneys to practice and conferred that power upon this court alone, they undoubtedly by inadvertence overlooked the provision that those courts also had the right to remove or suspend attorneys at law. So long as they possessed the right to admit to practice it was logical that they should also possess the right to remove. When the former right was withdrawn, however, the latter right should also have gone with it. While the latter right remains in the statute, however, we do not feel disposed to disregard it, and especially not in a case where, as in this case, it is not absolutely necessary that we do so.

In view, however, that the question is important to both bench and bar, we have felt it our duty to call attention to the present state of the law so that if any changes are desired they may be made at the earliest possible moment.

For the reasons stated, therefore, we do not deem it necessary to pass upon whether the district courts of this state still possess the power to remove or suspend attorneys at law from practice except in contempt proceedings as hereinbefore stated.

This brings us to the second proposition, namely, Did the district court exceed its jurisdiction or power in refusing plaintiff the right to be heard in any matter pending before that court without first preferring charges against him, and without issuing a citation requiring him to appear and answer the charges as required by our statute?  ·

It is not deemed necessary to here set forth our statute upon the subject. It is sufficient to state that the statute does not authorize a court to deny an attorney at law the right to appear before it in a matter regularly pending before it, when his authority to do so is not legally challenged unless and until proper charges have been made against him and he has been given an opportunity to be heard with respect thereto. In this case the plaintiff was not charged with any act of misconduct or disrespect of court in the presence of the court. Indeed, nothing was charged against him. Notwithstanding that, however, the court refused to permit him a hearing in any matter pending before the court. The refusal to hear him was not only for an hour, or for a day, but continued indefinitely. Courts possess no such arbitrary power. Attorneys at law are officers of the court, and as such are responsible to them for their acts and conduct. If an attorney, therefore, is guilty of an act or conduct in the presence of the court which is contemptuous, the court has plenary power to summarily punish him and it may refuse to hear the offending attorney until he has purged himself or has complied with the order of the court respecting the contempt. A court, however, may not **4** suspend an attorney for other causes, although such causes may be ground for suspension or disbarment without some charge being filed and notice to appear and defend being given. If, after proper notice, the attorney refuses or omits to appear, the court may then proceed to judgment against him, but not before. To that effect are all the cases hereinbefore cited. The right to be heard before one is condemned is, however, so fundamental that authority is unnecessary.

In view of what has been said both the demurrer and the

motion to quash must be overruled. It is therefore ordered that a peremptory writ of mandate issue forthwith requiring the said district courts and the Hon. Thomas H. Burton, as judge thereof to permit the plaintiff to appear and practice before said courts and such judge, and that he be restored to all of his rights and privileges as an attorney and counselor at law in accordance with the certificate issued to him by this court. Neither party to recover costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.