STATE ex rel SHOLSETH, Appellant, v. KNIGHT, Respondent.

(219 N. W. 258.)

(File No. 6706. Opinion filed May 4, 1928.)

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Relator.

*Ernest Raley* and *Bailey & Voorhees,* all of ʼSioux Falls, for Defendant.

CAMPBELL, J.   Relator, Sholseth, as trustee in bankruptcy of one Arp, claims to be entitled to recover from the independent school district of Brookings, S. D., the sum of $1,742.50.   Berger Manufacturing Company, a corporation, claims to have an interest in, or lien upon, such fund or sum of money in the hands of the school district, superior to the right of relator, and in June, 1927, relator instituted his action in the circuit court in Brookings county in the Third judicial circuit in this state for the recovery of said sum of money, in which action the school district and the Berger Manufacturing ʼCompany and others were named as de-

fendants and duly served with process. It appears to have been the attitude of the school district that they owed the money in question to one or the other of the claimants and were entirely willing to pay it to whichever party might be adjudged rightly entitled thereto. The school district, however, did not make a deposit of the money under the provisions of section 2324, Rev. Code 1919, nor were they ordered to bring the same into court pursuant to the provisions of section 2481, Rev. Code 1919. Issues were joined and the matter duly litigated, with the result that there was therein entered on December 17, 1927 (being a day of the September, 1927, term of said court), the following judgment:

"The parties appearing and contesting this matter having filed stipulations and submitted said case to the court upon the agreed statement of facts as set out in said stipulation and exhibits referred to, and the court having considered said stipulation and evidence of the facts, and there being no dispute as to the facts, said stipulation and exhibits are hereby adopted as the findings of fact in this case, and from said facts so stipulated it appears to the court that the plaintiff is entitled to judgment against the defendant the independent school district of Brookings, S. D., also known as independent school district of the city of Brookings, S. D., for the sum of $1,742.50, without costs, and that the plaintiff is entitled to judgment against the defendant Berger Manufacturing Company that the said defendant has no right, title, or interest in the funds here involved and has no claim against the defendant independent school district of Brookings, S. D., also known as the independent school district of the city of Brookings, S. D., for any sum, or at all, and that the plaintiff is entitled to judgment against the defendants L. Krumieda and George E. Perkins that each of said defendants have no right or interest in the funds here involved, or any claim against the defendant independent school district of Brookings, S. D., also known as the independent school district of the city of Brookings, S. D., and that the defendant independent school district of Brookings, S. D., also known as the independent school district of the city of Brookings, S. D., upon the payment of the sum of $1,742.50, as aforesaid, to the plaintiff shall be relieved of all liability under and by reason of the facts involved in this case and set out in the pleadings and stipulation, and that the plaintiff is entitled to judgment against the defend-

.ant the independent school district of Brookings, S. D., also known as the independent school district of the city of Brookings, S. D. for the sum of $1,742.50, and is entitled to judgment against the defendant Berger Manufacturing Company for the costs of this action.

"Now, therefore, by virtue of the law and by reason of the premises aforesaid, upon motion of Messrs. Jones, Matthews & Fitzpatrick, attorneys for the plaintiff, it is ordered and adjudged that the plaintiff have and recover judgment from the defendant the independent school district of Brookings, S. D., also known as the independent school district of the city of Brookings, S. D., in the sum of $1,742.50, without costs.

"It is further ordered and adjudged that the defendants Berger Manufacturing Company, L. Krumieda, and George E. Perkins have no interest in, or lien upon, the balance due from the defendant independent school district of Brookings, S. D., also known as the independent school district of the city of Brookings, S. D., and upon the payment by the said independent school district of Brookings, S. D., also known as the independent school district of the city of Brookings, S. D., as hereinbefore ordered, the said school district shall be released from all liability herein.

"It is further ordered and adjudged that the plaintiff have and recover judgment against the defendant the Berger Manufacturing Company for the costs and disbursements incurred in this action, amounting to $24.25, to be taxed and hereafter inserted by the clerk of this court."

The September, 1927, term of said circuit court closed upon the opening on January 17, 1928, of the regular January, 1928, term thereof.

None of the defendants sought to appeal from the foregoing judgment, excepting only the defendant Berger Manufacturing Company, who promptly gave notice of appeal and proceeded to perfect the same, filing a cost bond but no supersedeas bond, excepting only a bond sufficient to operate as a supersedeas with respect to the $24.25 costs adjudged against said Berger Manufacturing Company.

On February 14, 1928, pursuant to order to show cause, upon application of Berger Manufacturing Company and over the objection and resistance of the relator, Sholseth, the defendant here,

Hon. W. W. Knight, judge of the said circuit court, made and entered in said cause the following order:

"The order to show cause issued in the above-entitled matter upon the 6th day of February, 1928, coming on regularly to be heard on this 13th day of February, 1928, the plaintiff having submitted his objection in writing, and the defendant Berger Manufacturing Company having submitted the matter without personal appearance, and none of the other defendants appearing, and it now appearing to the court that the said defendant Berger Manufacturing Company intends, in good faith, to appeal to the Supreme Court from the judgment rendered herein on December 17, 1927, and that the fund now in the hands of the defendant independent school district should be held until the final determination of this action upon appeal, and it satisfactorily appearing that it will be for the best interests of all parties that said fund be deposited in a bank of good repute within the state of South Dakota pending such determination, and it further appearing that the Security National Bank of Brookings, S. D., is a bank of good repute and is willing to accept the deposit of said sum and to pay interest thereon at the rate of 4 per cent per annum, and it further appearing that said defendant independent school district is willing to make such deposit.

"And it further appearing that the only judgment which has been entered herein against the said defendant Berger Manufacturing Company is for costs, amounting to the sum of $24.25, and adjudging that said defendant is not entitled to the fund so held by said independent school district, and that the only undertaking on appeal which will be required of the said Berger Manufacturing Company is the statutory cost bond and the additional undertaking required by section 3152, R. C. 1919.

"Now, therefore, it is hereby ordered that, upon an appeal to the Supreme Court being perfected by said Berger Manufacturing Company, and the filing of a bond upon such appeal as required by section 3150, R. C. 1919, which shall also be conditioned and be to the effect that said Berger Manufacturing Company will pay the amount of the judgment rendered against it herein, if the same be affirmed, and all damages which may be awarded against the said defendant Berger Manufacturing Company upon appeal, and upon serving a copy of this order together with a certificate

of the clerk of this court to the effect that such appeal has been perfected upon the attorney for said independent school district, the said independent school district forthwith deposit with said Security National Bank of Brookings, S. D., the amount of the judgment rendered herein, to wit, the sum of $1,742.50, such deposit to be subject to the further order of this court, to be payable with 4 per cent interest per annum, to the party who shall be adjudged entitled thereto.

"It is further ordered that, upon making such deposit, the said defendant independent school district be discharged of all further liability herein.

"It is further ordered that, upon the perfecting of such appeal and the making of the deposit herein provided for, all proceedings herein be stayed pending the determination of the appeal herein, or until the further order of the court.

"This order is based upon the settled record herein, and upon the affidavit of Ernest Raley filed herein on February 6, 1928, the order to show cause hereinbefore referred to, and the response thereto filed by plaintiff."

Thereafter the relator, Sholseth, requested the said Knight, circuit judge, to enter an order vacating and setting aside his said order of February 14th, which request was refused, and subsequently there issued out of this court in this cause, upon the application of the relator, Sholseth, our alternative writ of mandamus, directing the said Knight to enter an order rescinding, canceling, and vacating said order of February 14, 1928, or show cause before this court why a peremptory writ should not issue requiring him so to do. Defendant is represented here by counsel who appeared in behalf of Berger Manufacturing Company in the circuit court, and the matter has been duly argued and is now before us for decision on the question of issuing the peremptory writ.

■ The judgment of the circuit court provided, in substance, that relator, Sholseth, should recover $1,742.50 from the independent school district, without costs, and the sum of $24.25 costs from Berger Manufacturing Company, and further adjudicated that neither Berger Manufacturing Company nor Krumieda nor Perkins had any right, title, or interest in the fund of $1,742.50 so adjudged to be paid by the school district to Sholseth. It is perfectly clear that defendant school district, as custodian and holder

of the fund in question, might be aggrieved by said judgment, and also that defendants Berger Manufacturing Company and Krumieda and Perkins, as claimants of said fund, might be thereby aggrieved, and any or all of said parties might appeal therefrom.

It is clear, also, under the provisions of section 3152, Rev. Code 1919, that the execution of a judgment directing the payment of money is not stayed by appeal, nor unless a supersedeas bond is given as therein provided, subject, of course, to the provisions of section 3161, Rev. Code 1919, to the effect that where appellant is a state board or officer, a county or municipal corporation, or the officers thereof in an official capacity, execution of the judgment is stayed without undertaking. It is also plain that any one entitled to appeal from a money judgment is also entitled to stay the execution thereof by proper supersedeas, and that, if supersedeas is not given, execution is not stayed unless the appellant comes within some class by statute excepted from the necessity of furnishing such undertaking. In this case the school district might have appealed, in which event execution of the judgment would be stayed so far as it was concerned without any undertaking, by virtue of the statute, but the school district has not seen fit to appeal. The sole appellant is the claimant defendant Berger Manufacturing Company, and they are appealing and are entitled to appeal not only from the part of the judgment whereby relator, Sholseth, recovers from Berger Manufacturing Company $24.25 costs, but from the entire judgment and from the part thereof which directs payment of $1,742.50 by the school district to Sholseth, and from the part thereof which adjudicates that Berger Manufacturing Company has no interest in such fund. If Berger Manufacturing Company does not put up a proper supersedeas bond, the execution of the judgment in question is not stayed and cannot be stayed. That execution thereof would be stayed without undertaking if the school district had seen fit to appeal is not material. Section 3161, Rev. Code 1919, is not applicable to all appeals in all cases where a state board, county or municipal corporation is directed to pay money, but only to cases where the appeal is taken by a state board officer, county or municipal corporation, etc. The statute is in the public interest and is for the benefit of such boards and public or quasi public corporations, not for the benefit of private individuals who desire to liti-

gat their private and conflicting interests in a fund of money which the public or quasi public corporation admittedly owes to some one and is willing to pay to whoever is adjudged to be entitled thereto.

Under section 3152, Rev. Code 1919, when a judgment is for the payment of money, the trial court is given no authority or discretion to stay the execution thereof in any such manner as was attempted by the order of February 14th, or otherwise. It is plain, we think, that the order of February 14th was void and in excess of the jurisdiction of the trial court.

Its harmful effect upon the relator is clear. Of course, relator could not have an execution against a school district, but he has other apt remedies for the enforcement of a judgment against such school district, particularly where it appears, as here, that the school district has a fund which may properly be appropriated to the payment of such judgment. See section 7657, Rev. Code 1919. Certainly he is entitled to proceed accordingly where the school district is not appealing and the private individual who is appealing has not put up a supersedeas. Relator is also entitled to the amount of his judgment, with interest at 7 per cent from the date thereof, and is entitled to rely upon the solvency of the school district until payment, and is not compellable to accept 4 per cent interest in place of 7, or to take his chances upon the solvency of any depository bank, as was undertaken to be required of him by the order of February 14th.

The entire invalidity of the order of February 14th seems too apparent for question, likewise the fact that it was utterly beyond the jurisdiction of the court. Indeed, upon the argument, it is not seriously contended otherwise, but it is urged that relator has an adequate remedy by appeal, and that in the event appeal is not adequate then relief should be sought by certiorari and not by mandamus.

With reference to the remedy by appeal, assuming, without deciding, that the order of February 14th is an appealable order, it is nevertheless clear that, under the circumstances of this case, an appeal would not furnish to the relator the speedy and adequate remedy to which he is entitled.

With reference to the question of whether relator ought not to have sought his relief by certiorari rather than mandamus, we are not disposed to devote much time to a point that appeals

to us as a technical quibble upon a somewhat artificial distinction with reference to procedural niceties. The relator's rights have clearly been infringed by an order of the trial court in excess of its jurisdiction, which order the trial court has refused to set aside or vacate, and the circumstances are such that appeal is not a sufficient or adequate remedy. Both certiorari and mandamus are extraordinary remedies and apt for use by this court in proper cases in the exercise of its general superintending control over inferior courts and for the purpose of preventing injustice by acts of such courts beyond the scope of their jurisdiction. We think the order of February 14th might properly have been brought up and quashed upon certiorari, and possibly as a matter of extreme nicety of procedure that course might have been preferable. But we think it is also true that where an inferior court has made an order, not discretionary, and utterly outside of its jurisdiction, and the circumstances are such that the party aggrieved thereby is entitled to invoke an extraordinary remedy at the hands of this court, such remedy may take the form of a mandamus to the court below to vacate and cancel such ultrajurisdictional order.

The Supreme Court of Washington, where the statute with reference to mandamus (section 1014, Remington Comp. St. 1922) is practically identical with our own (section 3006, R. C. 1919), has pointed out that mandamus under the statute is a broader remedy than the old common-law prerogative writ and can be used to require the judge of an inferior court to enter an order vacating a previous order of judgment which it was beyond his jurisdiction to make. State ex rel. Gabe v. Main (1911) 66 Wash, 381, 119 P. 844.

Such use of mandamus is likewise within the doctrine promulgated by this court in the case of City of Huron v. Campbell, Circuit Judge (1892) 3 S. D. 309, 53 N. W. 182, and the writ has been used by this court to require a circuit court to cancel and set aside an order previously made by him in excess of his jurisdiction vacating a judgment and dismissing an action. Anderson v. Skinner (1918) 41 S. D. 1, 168 N. W. 854.

The following authorities also furnish precedent for use of the remedy of mandamus: Bancroft, Code Pr. and Rem. § 3813, § 3848; 18 R. C. L. p. 310; Ferris, Ext. Leg. Rem. § 302; State ex rel. Curtis v. Heflin (1923) 19 Ala. App. 222, 96 So. 459;

582

State ex rel. Reynolds v. Graves (1902) 66 Neb. 17, 92 N. W. 144; State ex rel. Murphy v. Graves (1912) 92 Neb. 333, 138 N. W. 153; Higgins v. Burton (1924) 64 Utah, 562, 232 P. 914; State v. Superior Court (1905) 40 Wash. 443, 82 P. 875; 2 L. R. A. (N. S.) 568, 111 Am. St. Rep. 915, 5 Ann. Cas. 775; note, 98 Am. St. Rep. 900 et seq.; People ex rel. Rankin v. Wayne, Judge (1878) 39 Mich. 115; Ex parte Commonwealth of Virginia (1879) 100 U. S. 313, 25 L. Ed. 667; Re Winn (1908) 213 U. S. 458, 29 S. Ct. 515, 53 L. Ed. 873.

The judgment of the court is that the peremptory writ issue as prayed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.