In Re ERICKSEN

ERICKSEN, Appellant, v. JOHN MORRELL & CO., Respondent

(11 N. W.2d 141.)

(File No. 8611. Opinion filed October 6, 1943.)

Rehearing Denied December 28, 1943.

**Parliman & Parliman** and **Danforth & Danforth,** all of Sioux Falls, for Appellant.

**Boyce, Warren & Fairbank** and **John S. Murphy**, all of Sioux Falls, for Respondent.

RUDOLPH, J. The respondent, John Morrell & Company, is the owner of a large amount of real property, together with structures thereon, located in the city of Sioux Falls. On June 15, 1942, the appellant, O. Charles Ericksen, filed with the City Board of Equalization a petition as follows:

"That he is now and has been for many years last past a citizen and resident of Sioux Falls, Minnehaha County, South Dakota, and that he owns real and personal property in the City of Sioux Falls and which is now and has been for several years last past valued at approximately its actual worth for taxation purposes.

"That the Kittery Realty Company is a Corporation organized and existing according to law and is a Subsidiary of John Morrell & Company a Corporation, and is controlled and managed by John Morrell & Company and that John Morrell & Company operates its packing establishment in Sioux Falls, South Dakota, upon land and in buildings, the record title of which is in Kittery Realty Company.

"That the following described real and personal property in the name of the Kittery Realty Company and in the name of John Morrell & Company all located within the City of Sioux Falls, has been placed upon the assessment roll and valued by the City Assessor of the City of Sioux Falls, for the year 1942 as hereinafter set forth, to-wit:" (Here follows a description of the property as valued by the City Assessor at $2,507,965.00)

"That the said values placed upon said real and personal property above set forth, are not the true values thereof. That the true value of said real and personal property on the 1st day of May, 1942, was and now is in the sum of approximately $12,000,000.00 and is carried on the books of John Morrell & Company at such value. That the said assessment roll does not contain all the personal property of John Morrell & Company.

"That the true amount and value of said real and personal property of John Morrell & Company, located within the City of Sioux Falls, South Dakota, can be ascertained by the City assessor of the City of Sioux Falls, or by your Honorable Body or any one selected by it, by an inspection of the books of John Morrell & Company, and by the inspection and inventory of its properties.

"Wherefore, Petitioner prays that said John Morrell & Company and its Subsidiary Corporation, Kittery Realty Company, be required to appear before the City Commission of the City of Sioux Falls, whose members are above named, and show cause why its said real and personal property above mentioned and described, should not be valued for taxation purposes at its true value, and that at said hearing the said Commission place the value of the said real and personal property at the true value thereof.

"Dated this 15th day of June, A.D., 1942.

"O. CHARLES ERICKSEN.

"PARLIMAN & PARLIMAN,
"R. W. PARLIMAN,

"Attorneys for O. CHARLES ERICKSEN,
"Sioux Falls, South Dakota"

Following the filing of this petition there was served upon John Morrell & Company a notice signed by the Mayor of the city reciting the filing of the Ericksen petition and advising John Morrell & Company that the City Board of Equalization would meet on Thursday the 18th day of June, 1942, at which time and meeting it was intended to raise

the assessed value of the property of John Morrell & Company. At the meeting of the Board on June 18th, Mr. Ericksen and his attorney appeared before the Board as did also a representative of John Morrell & Company and its attorney. No final action was taken at the meeting of June 18th, but on June 20th there appears in the minutes of the Board of Equalization the following: "It was moved by Yeager and seconded by Nelson that, in view of the fact that there is not sufficient time nor means for a complete revaluation of the extensive properties of John Morrell & Co., the City Assessor's assessment of the personal and real properties of John Morrell & Co., for the year 1942, be allowed to stand as shown on the books of the City Assessor, the same being an increase of $195,770.00 over the assessment for the year 1941, which motion prevailed by the following vote on roll call: Yeas, Nelson, Yeager, 2. Nays, None. Absent, Mr. Mayor."

Following this decision of the City Board, the appellant attempted to appeal to the County Board of Equalization by serving upon the respondent and a member of the County Equalization Board, a Notice of Appeal as follows:

"Notice is hereby given, by the undersigned O. Charles Ericksen, the petitioner above named, that he appeals to the County Board of Equalization of the County of Minnehaha, South Dakota, from the decision of the City Commission and City Auditor of the City of Sioux Falls, Minnehaha County, South Dakota, sitting as the local Board of Equalization for said City of Sioux Falls, made in the above matter on the 20th day of June, 1942, wherein and whereby they did deny the said Petition of O. Charles Ericksen and did refuse to value the real and personal property of John Morrell & Company located in Sioux Falls, South Dakota, at its true value for taxation purposes for the year 1942, and which decision approved the values put on said property by the City Assessor of the City of Sioux Falls, for taxation purposes for the year 1942.

"Dated this 22nd day of June, A.D., 1942".

On July 17, 1942, there was filed with the County Board of Equalization an affidavit by appellant stating that generally business property in Sioux Falls was valued for taxation purposes at eighty per cent of its actual value. On July 20, 1942, the County Board of Equalization met and the minutes of the meeting disclose the follows: "Mr. O. Charles Ericksen and his attorneys Ralph Parliman and George J. Danforth, appeared in connection with the appeal of the assessment of the John Morrell and Company Personal and Real Property, and after due consideration and discussion it appearing that it is extremely doubtful if this Board of Equalization, has jurisdiction to grant the relief requested; that Section 57.0406 SDC 1939 provides that no individual assessment shall be raised without notice in advance, but fail to specify the manner or method of giving such notice; that if any notice was given John Morrell and Company there would not be sufficient time for this Board to hear necessary testimony and inspect the large and widely diversified property involved; that the circumstances pertaining to said property, both Real Estate and Personal Property, are such that there are little, if any comparable properties in Minnehaha County, South Dakota, and that any increase made by 'this Board in the value thereof, as assessed by the City Assessor of Sioux Falls and approved by the Board of Equalization of said City of Sioux Falls, would necessarily be an arbitrary figure; and it further appearing that in said appeal and request of the said O. Charles Ericksen no specific property is shown to have been omitted and there is no showing as to adjoining Real Estate or Personal Property of the same class having been assessed higher or lower than other Real Estate and Personal Property of the same class in the same assessment district, it is, on motion, duly made, and seconded, that the appeal of O. Charles Ericksen be rejected. Upon roll call the following vote was recorded, Graff, Anderson, Pearson, Barnett, Stringham and Ostrander voting Aye, Nays None, said motion carried."

Following this decision of the County Board, the ap-

pellant served notice of appeal to the Circuit Court of Minne-haha County, which appeal on the motion of John Morrell & Company was dismissed by the court as being without authority of law and a matter over which the court was without jurisdiction under the facts as disclosed · by the record. O. Charles Ericksen has appealed to this court from the order of the Circuit Court dismissing his appeal from the County Board.

 Throughout this proceeding, as in the case of Beveridge v. Baer, 59 S. D. 563, 241 N. W. 727, 84 A. L. R. 189, the complainant is not complaining about the assess-ment of his property, but is complaining only that the prop-erty of John Morrell & Company has been assessed too low. We think it clear that our statute contemplates that com-plaints to equalization boards with reference to assessments for taxes should relate to the assessment of the property of the complainant. Thus it is provided in SDC 57.0401 with reference to complaints to local boards: "* * * any person or his attorney. or agent feeling aggrieved by anything in the assessment roll may apply to the board for the correc-tion of alleged errors in the listing or valuation of his prop-erty * * *". There is nothing in said section which pro-vides for an application by a person to correct the listing or valuation of the property of some other person. It is appar-ently the intent of the procedure that if a person feels his property is unjustly assessed, he should complain about the assessment of his property. It follows, we believe, that the reference in SDC 57.0404 to "any person feeling aggrieved" refers to any person complaining to the local board about the assessment of his property, and limits the right of appeal to the county board to such person. Throughout this entire proceeding the appellant has made no complaint about the assessment of his property. We are of the opinion, there-fore, that the attempted appeal from the city board to the county board, gave the appellant no rights before the county board different from those he would have had, had no ap-peal been taken. His right to appeal from the local board to the county board is limited to grievances with reference

to the assessment of his property, concerning which he apparently has no complaint. Conceding, as appellant contends, that for our present purpose it must be assumed under this record that appellant's property and other property in Sioux Falls is assessed at 80% of its value, and the Morrell property much lower, nevertheless, such condition does not change the statutory requirement that the complaint must relate to "the listing or valuation of his (complainant's) property." It might well be that the reason for the statutory requirement finds its basis in this assumed condition in Sioux Falls. The statute, SDC 57.0401, requires that all property "shall be entered on the assessment roll at the true value thereof * * *". By complaining about the assessment of the property of someone else and not his own, it must be assumed that appellant expects his 80% valuation to remain (contrary to the specific requirement of the statute) but at the same time, asking that respondent's property should "be valued for taxation purposes at its true value."

■ We are of the opinion that the right to appeal from the action of the county board is also limited to grievances relating to the assessment of the complainant's property. SDC 57.0411 provides for appeals from county boards as follows: "Any person, firm, or corporation, public or private, or any taxing district or governmental subdivision or agency interested, feeling aggrieved by the action of the county board of equalization relative to the assessment of its property may, within thirty days after the decision of such board, appeal to the State Board of Equalization for a determination of such grievance." This section limits the right of appeal to the State Board of Equalization to those who complain that they are aggrieved in the assessment of their property. Beveridge v. Baer, supra. The present appeal was taken from the action of the county board to the circuit court. SDC 57.0411, after providing for appeals to the State Board of Equalization, provides for an alternative, in an appeal to the circuit court as follows: "Any such person, firm, corporation, taxing district, governmental sub-

division, or agency interested may appeal from a decision of the county board of equalization to the Circuit Court * * *." By the use of the term "any such person" the legislature has clearly limited the right of appeal to the circuit court to such persons as might appeal to the State Board of Equalization. If a difference existed in the persons who might appeal from a decision of the county board to the State Board of Equalization from the persons who might appeal to the circuit court, at the time of the decision in Beveridge v. Baer, supra, such difference has now clearly been done away with by the explicit language of SDC 57.0411. However, there was no intention in the Beveridge-Baer opinion to hold that there was such a difference in the persons who might appeal. The intention there was simply to point out that the appeal to the State Board of Equalization is not exclusive; that there was saved to aggrieved persons the right of access to the courts in matters of assessment for taxation by the provision providing for the appeal to the circuit court.

We are of the opinion, therefore, that the circuit court correctly ruled that it was without jurisdiction to entertain the purported appeal.

The order appealed from is affirmed.

All the Judges concur.