STATE ex rel MATOON SCHOOL DISTRICT NUMBER 19, et al, Plaintiffs, v. CIRCUIT COURT OF SEVENTH JUDICIAL CIRCUIT WITHIN AND FOR PENNINGTON COUNTY, et al, Defendants.

(246 N. W. 638.)

(File No. 7518. Opinion filed February 6, 1933.)

*George Williams,* of Rapid City, for Relators.

*Hubbard Fellows,* of Rapid City, for Defendant Judge Hanley.

*Chas. H. Whiting* and *James W. Bellamy,* both of Rapid City, for Defendant Catherine McCarthy.

POLLEY, J. On the 7th day of September, 1932, three of the defendants herein, Fredrick C. Stone, Benjamin E. Martin, and Clarence I. Butler, as plaintiffs, commenced an action in the circuit court of Pennington county against Mattoon school district No. 19, and Ernest Schleuning and John Humphrey, treasurer and chairman, respectively, of said school district, in which action it was sought to enjoin and restrain the said defendants from hiring a teacher or conducting school in the said district for the year 1932 and 1933. An order was issued in said action by the Honorable H. R. Hanley, judge of the circuit court in and for Pennington county, requiring the defendants to show cause why they should not be restrained from hiring a teacher or conducting a school in said school district during the schools year of 1932 and 1933. Upon the return of said order to show cause, an order of injunction was issued granting the relief prayed for in the said complaint. On the 12th day of September, 1932, the defendants in said action interposed a demurrer to plaintiffs' complaint upon the ground of a defect of parties defendant in said action and upon the ground that said complaint did not state facts sufficient to constitute a cause of action. Said demurrer was brought on for hearing, and, upon the hearing thereof, an order was made and entered sustaining said demurrer on both grounds set out therein. Thereafter, by leave of court, the plaintiffs filed an amended complaint. To this amended complaint the defendants interposed an answer, which answer was served on the 14th day of October, 1932, and filed in the office of the clerk of courts of Pennington county on the 21st day of October, 1932. By the service of this answer issues of law and fact were joined, and on the 20th day of October, 1932, the court made and entered an order wherein the 4th day of November, 1932, was fixed as the time for the trial of said cause. On the 22d day of October, 1932, the defendants made and filed with the clerk of courts of Pennington county an affidavit of prejudice sufficient in all respects to comply with provisions of chapter 89, Laws 1927, and requested that another judge of the circuit court of the state be designated to preside over the trial of the said cause. Before the clerk of said court had forwarded to the clerk of this court a copy of the affidavit of prejudice, as provided by section 4 of chapter 89 of the Laws of 1927, the plaintiffs in the former action, Frederick C. Stone, Benjamin E. Martin,

and Clarence I. Butler, commenced an action in the circuit court of Pennington county against Catherine McCarthy, as clerk of courts of Pennington county, whereby they sought an injunction restraining and enjoining her from forwarding said affidavit of prejudice to the clerk of this court, as provided for in said section 4 of said statute. Upon the filing of the complaint in said action, the Honorable H. R. Hanley, as judge of the circuit court of Pennington county, made and entered an order directing the said defendant Catherine McCarthy to show cause before the court on the 31st day of October, 1932, why she should not be restrained and enjoined from transmitting the said affidavit of prejudice to the clerk of this court, and which order contains the following paragraph: "It is further ordered, that in the meantime, and until further order of this court, the defendant, Catherine McCarthy, Clerk of Courts of Pennington County, South Dakota, be, and she is hereby restrained and enjoined from transmitting the affidavit of George Williams to the Clerk of the Supreme Court of the State of South Dakota."

Thereafter, and on the 13th day of December, 1932, an order was made and entered in said action by the Honorable James Mc-Nenny, judge of the circuit court of the Eighth judicial circuit, who had been called into the case by Judge Hanley, which, among other things, contains the following paragraph: "Now, therefore, it is by the Court, ordered, adjudged and decreed that a temporary injunction be and hereby is granted restraining the defendant in this action from transmitting to the clerk of the Supreme Court of the State of South Dakota the affidavit of prejudice against the Hon. Harold R. Hanley, which has been filed in the above mentioned action * * * until the further order of this court."

The Mattoon school district No. 19, above mentioned, and John Humphrey and Ernest Schleuning, chairman and treasurer, respectively, of the said school district, being of the opinion that the said Harold Hanley, Judge of the circuit court of the Seventh judicial circuit, and Judge James McNenny, judge of the circuit court of the Eighth judicial circuit, had exceeded their jurisdiction in entering the two above-mentioned orders in the said action of Frederick C. Stone, Benjamin E. Martin, and Clarence I. Butler, plaintiffs, v. Catherine McCarthy, Clerk of Courts of Pennington

County, defendant, sued out a writ of certiorari in this court, directing the defendants in this proceeding to send up the record herein in order that we might ascertain whether the said two circuit court judges had exceeded their jurisdiction in the manner above set out.

A writ of certiorari may be granted by the Supreme and circuit courts when inferior tribunals have exceeded their jurisdiction, and the aggreived party has no appeal, nor in the judgment of the court any other plain, speedy, or adequate remedy. Section 2996, R. C. 1919. Plaintiffs in this action could not have appealed from the orders complained of, because neither of them were parties to the action in which the orders were made, and to have intervened in that action and then have appealed would not have furnished an adequate remedy. Certiorari is the proper remedy in this case.

Defendants contend that plaintiffs were not entitled to a change of judges at the time the affidavit was filed. This contention is based upon the fact that issue had been joined by the defendants' demurrer and that such issue had been submitted to and decided by the circuit court before the affidavit of prejudice was filed. This is true, but the demurrer was sustained. There was then no issue of any kind before the court. Plaintiffs then filed an amended complaint, and defendants filed an answer thereto, thereby joining issues of both law and fact. Defendants then filed their affidavit of prejudice. This was in strict compliance with section 3, c. 89, Laws 1927, which provides that: "Such affidavit may be filed at any time at or after the joining of any issue in said action or proceedings, whether or law or fact. * * * "

Section 4, c. 89, Laws 1927, provides that, when the affidavit is filed with the clerk, he shall immediately forward a copy thereof to the clerk of this court, who shall forthwith present it to the presiding judge.

Section 1, c. 89, Laws 1927, provides that, when an affidavit of prejudice is filed in an action pending in the circuit court, the judge of that court "shall proceed no further in said action or proceeding and shall thereupon be disqualified to do any further act with reference thereto."

This means that the affidavit of prejudice, when filed, wholly

suspends the power of the judge of the circuit court to take any further part in the action. From this it follows that neither Judge Hanley nor Judge McNenny had any right, power or authority to interfere with the clerk of courts of Pennington county, or to prevent her from forwarding the said affidavit of prejudice to the clerk of this court, and both of the restraining orders so entered by said judges were and are wholly void.

The orders issued by the circuit court on the 22d day of October, A. D. 1932, and on the 10th day of December, A. D. 1932, above mentioned, are reversed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J. (concurring specially). When an affidavit for the disqualification of the judge in any civil action or proceeding is filed with a clerk of a circuit court, which filing purports to be pursuant to the terms of chapter 89, Laws 1927, it is my opinion that neither the judge whose disqualification is thus attempted, nor any other judge whom he may call in to act in his stead, has jurisdiction to restrain or control in any manner, directly or indirectly, the action, inaction, or conduct of the circuit clerk with reference to such affidavit.

For that reason, I concur in so much of the foregoing opinion as holds that the orders of the circuit judges brought up by the present proceeding in certiorari were entered without jurisdiction and should be annulled.