In Re SWANSON'S ESTATE

WALLINGFORD, Appellant, v. EASTMAN, Respondent

(28 N. W.2d 663)

(File No. 8915. Opinion filed August 29, 1947.)
Rehearing Denied September 29, 1947.

 

**Hooper & Herman,** of Gregory, for Appellant.
**James O. Berdahl,** of Sioux Falls, for Respondent.

RUDOLPH, J. On the 21st day of January, 1946, the county court of Bennett County entered a final decree in the estate of Alvin G. Swanson, deceased. Within the time allowed by law, W. J. Hooper, Attorney for J. R. Wallingford, served notice of appeal to the circuit court from the final decree. In the notice of appeal it was stated that J. R. Wallingford "is a judgment creditor against said estate." The notice of appeal further stated "that the appellant will rely on said appeal upon the fact that the County Court had no jurisdiction of the subject matter thereof;". The appeal came on for hearing before the circuit court and after such hearing the circuit court entered judgment dismissing the appeal. The circuit court determined that it was without jurisdiction to entertain the appeal for the reason that the appellant was not entitled to appeal under the express provisions of SDC 35.2102. This section of our code is as follows:

"Any party aggrieved may appeal as aforesaid, except where the decree or order of which he complains was rendered or made upon his default. An executor or administrator shall be deemed a party entitled to appeal.

"A person interested in the estate or fund affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard, if it had been previously acquired, may also appeal as prescribed in this chapter. The facts which entitle such a person to appeal must be shown by an affidavit, which must be filed with the notice of appeal."

██ It is axiomatic that in this state the right to appeal is purely statutory and unless the statutory right of appeal

exists a court is without jurisdiction to act upon a purported appeal. Yankton County v. Codington County, 66 S. D. 599, 287 N. W. 498; National Bank of Commerce v. Jury et al., 48 S. D. 467, 204 N. W. 945; Downs et al v. Bruce Ind. School District, 52 S. D. 168, 216 N. W. 949; Arnold et al v. Hubbard et al., 63 S. D. 454, 260 N. W. 621.

■ The statute SDC 35.2102 denies the right of an appeal to an aggrieved party who is in default. We think it clear that if the appellant Wallingford was in default in the proceedings before the county court that there was no right of appeal which would confer any jurisdiction upon the circuit court. However, Wallingford contends that he was not served with notice of hearing upon the final report of the executor and that not being served with notice he could not be considered in default upon such hearing. We do not believe that we are called upon in this case to determine whether the facts as disclosed by this record are sufficient to establish that Wallingford was served with notice of hearing. If he was not served with such notice he was not made a party to the proceeding which resulted in the entry of the final decree and not being a party his right to appeal would be governed by the second paragraph of the said SDC 35.2102. This paragraph provides that a person not a party to the proceeding in which an order is made must show by an affidavit the facts which entitle such person to appeal before the right to appeal exists and that such affidavit must be filed with a notice of appeal. The record is clear that no such affidavit was served in this case. It appears that only Oklahoma and this state have statutes which limit the right to appeal from the county court to the circuit court as limited by SDC 35.2102. See Bancroft's Probate Practice, Vol. I, Sec. 88. Under our cases holding that unless the statute authorizes the appeal the court is without jurisdiction to consider it, it follows that the affidavit required by SDC 35.2102 of a non-party appellant is jurisdictional. The Oklahoma court under an identical statute has so held. In re Barnett's Estate, 50 Okl. 1, 150 P. 692, Baker v. Cureton, 49 Okl. 15, 150 P. 1090. Appellant, therefore, finds himself in this dilemma. If he was served

with notice of hearing on the final report, as respondent contends, he was in default and without the right of appeal under the first paragraph of SDC 35.2102; if appellant was not served with the notice of hearing, as he contends, he was not a party to the hearing on the final report and failed to establish his right to appeal by filing the affidavit which would show such right as required under the second paragraph of SDC 35.2102.

Appellant contends that since the attack he is making upon the final decree of the county court is an attack upon the jurisdiction of the county court over the subject-matter that he was privileged to make such attack before the circuit court regardless of the provision of SDC 35.2102. Appellant cites the holdings of this court to the effect that an appellate court is required to take notice of jurisdictional questions whether presented by the parties or not. Winner Milling Co. v. Chicago & N. W. Ry. Co., 43 S. D. 574, 181 N. W. 195; National Casing Co. v. Schmechel, 44 S. D. 101, 182 N. W. 526. This contention of appellant and the cases cited in support thereof, we believe, support the position taken by the trial court rather than the position of appellant. Unless the right of appeal existed, the circuit court was without any jurisdiction whatsoever and being without jurisdiction, could take no action other than dismiss the purported appeal. This the circuit court did. We are convinced that under this record it appears without dispute that Wallingford had no right of appeal and being without such right his purported appeal conferred no jurisdiction upon the circuit court. The circuit court acted in the only manner within its power in dismissing the appeal.

The judgment appeal from is affirmed.

All the Judges concur.