COUNTY SCHOOL BOARD OF PENNINGTON COUNTY,

Appellant

v.

COTTONWOOD SCHOOL DISTRICT NO. 41 OF PENNINGTON

COUNTY, Respondent

(137 N.W.2d 882)

(File No. 10252. Opinion filed November 15, 1965)

Rehearing denied December 29, 1965

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for appellant.

**Bangs, McCullen, Butler & Foye,** Rapid City, for respondent.

BIEGELMEIER, J. The 1955 Legislature by Ch. 41 adopted a Public School Law Revision Act which was a sweeping revision of our school laws. It appears now in Title 15 of the 1960 Supplement and later Session Laws. Proceeding thereunder, electors of Cottonwood School District No. 41 petitioned the Pennington County Board of Education to make a boundary change by dissolving the District and attaching it to Big Foot School District. This was approved at an election by over a 60% majority and the result certified to the County Board, as it will be hereinafter designated. The County Board voted to deny the petition and, by a resolution of March 2, 1964, combined the Cottonwood District with Wall Independent School District. A Notice of Appeal, dated June 1, 1964 indicates Cottonwood District appealed to the circuit court, though there is no record it was ever served. That court set aside the resolution, and the County Board appealed to this Court. Oral Argument was waived, and the court was, therefore, unable to inquire of counsel or learn of the proceedings except those shown in the settled record.

At the threshold we are met with the question of whether the County Board has the right to appeal from the circuit court to this court. While this was not urged in the briefs, it is jurisdictional and a matter which we may properly consider on our own motion. Camp Crook Independent School Dist. No. 1, Harding County v. Shevling, 65 S.D. 14, 270 N.W. 518. The court is required to take notice of jurisdictional questions, whether presented by the parties or not. National Casing Co. v. Schmechel, 44 S.D. 101, 182 N.W. 526. The right to appeal is purely statutory and unless that right exists, the court is without jurisdiction to determine the merits. In re Swanson's Estate, 71 S.D. 622, 28 N.W.2d 663.

In Piedmont Ind. Sch. Dist. No. 34 of Meade County v. Meade County Bd. of Ed., 78 S.D. 384, 103 N.W.2d 177, the court had under consideration the right of appeal in proceedings under Ch. 41 of the Laws of 1955. That opinion set out and discussed Sec. 26 of Ch. 8 and that part of Sec. 44 of Ch. 9 of Ch. 41, supra,

pertaining to appeals which are now SDC 1960 Supp. 15.2023 and 15.2344. It was there concluded that since Sec. 26, supra, prescribed a complete procedure applicable to appeals concerning the decision of matters dealt with in that chapter, such appeal provisions were exclusive. As was said in the Camp Crook case, the right of appeal being statutory, such right "must be found in and predicated upon a statute." Unless the statute expressly or by plain implication makes provision therefor there is no right of appeal.

SDC 1960 Supp. 15.2023 is as follows:

"Any party feeling aggrieved by any decision of the county board, the State Superintendent, or the State Board of Education involving the preparation and approval of the master plan or involving any other decision which such boards or State Superintendent are obligated or empowered to make under the provisions of this chapter shall be entitled to appeal such decision within ninety days to the Circuit Court and from there to the Supreme Court under the same limitations and procedures provided by law for appeal of all school board decisions."

 That section limits the right to appeal to any "party feeling aggrieved". The history of legislation relating to appeals from decisions in school controversies appears in the Camp Crook opinion, after which the following was written:

"This court had said that in such statutes the term 'any person aggrieved' embraced only such persons as might be able affirmatively to show that they were aggrieved in the sense that by the decision of the board they suffered the denial of some claim of right, either of person or property, or the imposition of some burden or obligation in their personal or individual capacity, as distinguished from any grievance they might suffer in their capacities as members of the body public." (65 S.D. 14, 26, 270 N.W. 518, 524)

The County Board does not come within the terms of that definition when concerned with appeals involving its own decisions

made in its capacity of a tribunal exercising delegated legislative authority.

By SDC 1960 Supp. 15.2001(10), " 'Party' includes any person, firm, corporation, association, or municipality interested in any proceedings under the provisions of this chapter." It could hardly be said the County School Board was a 'party' to the hearing in which it sat as arbiter nor that as such it would be delegated to impartially hear and determine an issue in which it was 'interested' and thereafter be authorized to appeal from an order setting aside its determination. The Board may be interested in the result of the decision of the circuit court as is any tribunal whose decision is being reviewed on appeal or otherwise, but that does not make it either a party to the proceedings or one who is aggrieved. It is merely one of the boards or officers from which an appeal may be taken.

Other courts have reached similar conclusions. A county board acting as a tribunal to detach land from a school district and attach it to another was held not to be an aggrieved party entitled to appeal from an order of the district court reversing the County Board's order in Kirchoff v. Board of Com'rs McLeod County, 189 Minn. 226, 248 N.W. 817. The Kirchoff case has been cited by the Minnesota Supreme Court in several later opinions including In re Abel's Petition, 253 Minn. 452, 92 N.W.2d 800, where the County Board sat as a tribunal in a drainage ditch proceeding and Town of Eagan, Dakota County v. Minnesota Mun. Com'n., 269 Minn. 239, 130 N.W.2d 525 where the Municipal Commission was a tribunal authorizing the incorporation of a town. Quoting from the Kirchoff opinion in In re Abel's Petition, the court said:

"The county board, prosecuting this appeal, as far as the record shows, has no interest in the litigation and is not an aggrieved party. The board is the tribunal designated by statute to hear the petition and pass upon it in the first instance. The litigants are the petitioner and the school districts affected. A court or tribunal before whom a controversy is litigated has, as such, no appealable interest in the matter. And, while the county

board represents the county in many matters in which the county is interested, it does not appear that the county has any financial or other interest in this litigation, nor is the appeal taken by or in behalf of the county. Public boards and officers cannot appeal or sue out writs of error if they have no interest or are not aggrieved either in their official or individual capacity."

While there is some authority to the contrary, one of which is Moode v. Board of County Com'rs of Stearns County, 43 Minn. 312, 45 N.W. 435, the later decisions of the Minnesota court, some of which are cited above, indicate the court has departed from the Moode opinion. This also is shown by the Bricelyn Sch. Dist. No. 132, Fairbault County v. Board of Co. Com'rs, 238 Minn. 63, 55 N.W.2d 602, where the court, after restating the Kirchoff rule and citing it in a footnote, lists the Moode case as being contra.

Whether it was wise to deny the right of appeal is a legislative matter and not our duty to determine what it ought to be. Harris v. School Dist. No. 48, 32 S.D. 544, 143 N.W. 898, Ann.Cas.1916A, 267. The appeal must therefore be, and it is, dismissed without considering the merits.

RENTTO and HANSON, JJ., concur.

ROBERTS, P. J., concurs in result.

HOMEYER, J., dissents.