CITY OF SIOUX FALLS, et al., Appellants

v.

ST. BD. OF EQUALIZATION, et al., Respondents

(203 N.W.2d 419)

(File No. 11121. Opinion filed January 9, 1973)

Boyce, Murphy, McDowell & Greenfield, and Jeremiah D. Murphy, Sioux Falls, for appellants.

Gordon Mydland, Atty. Gen., John Dewell, Asst. Atty. Gen., Pierre, for respondents.

Martens, Goldsmith, May, Porter & Adam, and David A. Gerdes, Pierre, for intervenor and respondent.

DOYLE, Justice.

This action involves separate appeals by the City of Sioux Falls, Sioux Falls Independent School District #1, and Minnehaha County to the Circuit Court of Minnehaha County from the action of the State Board of Equalization determining the valuation of property of certain utilities and equalizing their tax assessments. Notice of appeal to the Circuit Court, Minnehaha County, was served on respondents and filed October 27, 1971. By stipulation and order thereon, Northern States Power Company was permitted to intervene. Respondents and intervenor moved to dismiss the appeal on the grounds that the appellants had no standing to appeal the action of the State Board of Equalization in that they are not persons aggrieved with relation to the assessment of their property nor with reference to property owned or controlled by any of them, and that said taxing districts or political subdivisions were not parties to the proceedings on the administrative level. The motion was granted and this appeal resulted.

■ Appellants' right of appeal is statutory and rests upon the construction of SDCL 10-11-43 which states:

> "Any such person, firm, corporation, taxing district, governmental subdivision or agency interested as described in § 10-11-42 may appeal from the decision of the state board of equalization to the circuit court of the county in which property owned or controlled by them or any of them is situated, and which appeal shall be taken in the same form and manner as appeals are taken from the decision of the board of county commissioners to such court."

Thus the statute clearly authorized an appeal by a *taxing district* and *governmental subdivision*[1] (it is undisputed that appellants are both taxing districts and governmental subdivisions) if they are interested as described in SDCL 10-11-42 which, in pertinent part, states:

> "Any person, firm or corporation, public or private, or any taxing district or governmental subdivision or agency interested, feeling aggrieved by the action of the county board of equalization relative to the assessment of its property may, within thirty days after receiving notice of the decision of such board, appeal to the state board of equalization for a determination of such grievance."

To be "interested" as required by 10-11-43 appellants must meet the "feeling aggrieved" requirement of 10-11-42 and the appeal must relate to "its property".

Respondent and intervenor cite and rely on Beveridge v. Baer, 1932, 59 S.D. 563, 241 N.W. 727, and In Re Ericksen, 1943, 69 S.D. 446, 11 N.W.2d 141, in support of their contentions. Beveridge was decided under section 6734 of the South Dakota Revised Code of 1919 which, in pertinent part, provided: "Any person feeling aggrieved * * * relative to the assessment of his property" could appeal. This court held the statute only allows an appeal to any person feeling aggrieved

---

1. It is fundamental that taxing districts and governmental subdivisions do not own property subject to taxation. South Dakota Constitution, Art. XI, § 5. However, their income is derived from the taxation of property.

relative to the assessment of "his property". Ericksen, decided under SDC 57.0411 in 1943, involved a similar factual situation and the court said, "Throughout this proceeding, as in the case of Beveridge * * * the complainant is not complaining about the assessment of his property, but is complaining only that the property of John Morrell & Company has been assessed too low." Thus, with the same or similar factual situations, this court in Ericksen followed the holding in Beveridge. The holdings in both Beveridge and Ericksen involved only the question of the propriety of one taxpayer complaining of the low assessment of another taxpayer. The question of the right of appeal of a "taxing district or governmental subdivision" was not before the court in either Beveridge or Ericksen.

We presume that the legislature intended to enact a valid and effective statute, and there is a presumption against a construction which would render a statute ineffective or meaningless. Thus, by the clear import of SDCL 10-11-42 and 10-11-43 any "taxing district or governmental subdivision * * * feeling aggrieved" may appeal. If, as alleged by the appellants, the actions of the State Board of Equalization resulted in the wrongful valuation of taxable property within the boundaries of such taxing districts the appellants were aggrieved within the meaning of SDCL 10-11-42, and the term "its property" as used in the statute refers to the property within the boundaries of the appellants. Likewise the term "property owned or controlled by them" as used in SDCL 10-11-43, to give a meaningful interpretation of the statute, means property within the boundaries of such taxing districts or governmental subdivisions.[2]

The proceedings before the State Board of Equalization and appeals from the action of the board are statutory. There is no provision in the statutes relating thereto for the appellants to participate in the hearings before said board nor are appellants given any notice with reference thereto.

2. We note that the legislature has clarified SDCL 10-11-42 and 10-11-43 by the enactment of Chapter 59, Laws of 1972.

■ Consequently, we are of the opinion that appellants' participation in said hearing on the administrative level is not a prerequisite to their appeal.

The order of the circuit court dismissing the appeal of the appellants is reversed and the cause is remanded for a hearing upon the merits.

All the Justices concur.