NORTHWESTERN PUBLIC SERVICE CO., et al., Plaintiffs
v. STONE et al., Defendants

(215 N.W.2d 645)
(File No. 11388. Opinion filed March 8, 1974)

Martens, Goldsmith, May, Porter & Adam, Warren W. May, Pierre, for plaintiffs.

Kermit Sande, Atty. Gen., John Dewell, Asst. Atty. Gen., Pierre, for defendants.

Boyce, Murphy, McDowell & Greenfield, Sioux Falls, Wilson, Gunderson & Olson, Rapid City, **Siegel, Barnett, Schutz, O'Keefe & Ogborn,** Aberdeen, for intervenors.

**May, Johnson & Burke, Gale E. Fisher,** Sioux Falls, for Northwestern Bell Telephone Co.

## ORIGINAL PROCEEDING

WOLLMAN, Justice.

This is an original proceeding in this court based upon an application for a writ of certiorari filed by various utilities engaged in the sale of electricity and natural gas in the state of South Dakota.[1] The application named as defendants the State Board of Equalization, and the individual members thereof, and Lyle Wendell, Secretary of the Department of Revenue of the State of South Dakota. In essence, the application for the writ alleges that the defendants have failed and refused to comply with the judgment that was entered by this court on August 31, 1973 in the case of State ex rel. Pennington County v. Mernaugh, 87 S.D. 495, 210 N.W.2d 409 (hereinafter referred to as the Mernaugh case).

The political subdivisions and school districts who were the plaintiffs in the Mernaugh case were permitted to intervene in this action.[2] On motion of the intervenors we ordered the defendants to certify the records and proceedings relative to the equalization ratio developed for the centrally assessed utility properties for the year 1973.

---

1. The original plaintiffs were Northwestern Public Service Company; Northern States Power Company; Otter Tail Power Company; Montana-Dakota Utilities Company; Iowa Public Service Company; Black Hills Power & Light Company; Central Telephone & Utilities Company. After these plaintiffs filed their application, Northwestern Bell Telephone Company filed an application for joinder and joined as a party plaintiff by order of this court.

---

2. State of South Dakota ex rel. Pennington County; Rapid City Independent School District No. 1; the City of Rapid City; Brown County; the City of Aberdeen; The City of Sioux Falls; Sioux Falls Independent School District No. 1, Minnehaha County, and Aberdeen Independent School District No. 32.

The judgment in the Mernaugh case ordered the State Board of Equalization and the members thereof, and the Commissioner of the South Dakota Department of Revenue[3] to vacate and set aside the equalization of the operating properties and franchises of the various utilities for the year 1972 and to forthwith equalize and fix the assessed values of all real and personal property of such companies in accordance with the opinion of the court.

In the Mernaugh case we said that:

"We hold that the rule announced in the Northwestern Railway case [Appeals of Chicago & Northwestern Railway Co., 85 S.D. 613, 188 N.W.2d 276], supra, is applicable to the property in question and that the defendants should have equalized the real property belonging to the utilities on a county-to-county basis in accordance with the assessment ratio in each county and that the personal property belonging to the utilities should have been equalized at the statutory 60% factor. It may very well be that utilities (as well as railroads, as was powerfully argued in dissent in the Northwestern Railway case) constitute a separate class of property for tax purposes. So long as the defendants equalize the property of utilities in accordance with ratios applied to all other property with the state, however, they must do so in accordance with the proportionate equalization rule announced in the Northwestern Railway case." 210 N.W.2d 409, 412.

■ The defendants state in their answer and return to the writ that they did not equalize the property of the utilities in accordance with ratios applied to all other property within the state but rather equalized said property within and between the said class similarly situated. As we understand it, it is defendants' position that the last portion of the above quoted paragraph from the Mernaugh case permits them to treat the property belonging to the utilities as a separate class of property, with the result that such property need not be equalized in accordance with ratios

3. Pursuant to Section 278, Executive Order 73—1, effective July 1, 1973, the head of the Department of Revenue is now called the Secretary of Revenue.

applied to all other property within the state. This is an erroneous interpretation of the holding in the Mernaugh case. The gratuitous dicta in the above quoted paragraph (for which this writer takes sole responsibility) to the effect that utilities may constitute a separate class of property for tax purposes was not meant to detract from or in any way modify our holding therein that the utilities were entitled to have their real property equalized on a county-to-county basis in accordance with the assessment ratio for all real property in each county and that the personal property belonging to utilities should be equalized at the statutory 60% factor.

During oral argument, counsel for defendants contended that there is an irreconcilable conflict between the taxing statutes and the holding in the Mernaugh case inasmuch as SDCL 10-38-14 and 10-38-22 provide in substance that whenever any tax assessment or tax originally and directly levied by the Department of Revenue or State Board of Equalization shall be set aside by any court all the provisions of the laws relating to the original assessment and taxation of such property shall be applied to the assessment and levy and extension of the taxes thereon. Because the statutes governing the taxation of telephone companies (SDCL 10-33) and utilities (SDCL 10-35) require certain information to be supplied annually by these companies to the Department of Revenue and require the Department of Revenue to consider this information, together with any other information available, in assessing such property, defendants argue that it is inconsistent to require them to equalize plaintiffs' real property on a county-to-county basis with all other real property in the state.

Our holding in the Mernaugh case was not directed to the manner in which the defendants arrived at the values they applied to plaintiffs' real and personal property, but rather was directed to the manner of equalizing such property. Our holding required defendants to equalize the real property of the utilities and telephone companies with the real property belonging to all other taxpayers on a county-to-county basis. We did not and do not hold that defendants are to disregard the data and information required by SDCL 10-33 and 10-35 to be considered in assessing and equalizing the property belonging to plaintiffs. Once that information has been considered, however, and

valuations placed on plaintiffs' real and personal property, defendants must equalize plaintiffs' real property on a county-to-county basis in accordance with the county ratio.

Defendants acknowledge that they used the same method in assessing and equalizing plaintiffs' property for the year 1973 as they originally used for the year 1972 inasmuch as the decision in the Mernaugh case was not handed down until after the 1973 assessment and equalization procedures had been completed and because the Mernaugh decision did not order any changes with regard to the 1973 assessment. The holding in Mernaugh, as further clarified herein, is equally applicable to the 1973 assessment and equalization procedures and we direct defendants to vacate and set aside the assessment and equalization of plaintiffs' property for the year 1973 and forthwith reassess and equalize said property in accordance with this opinion and the judgment and opinion in the Mernaugh case.

Plaintiffs ask that we direct defendants to permit plaintiffs to introduce evidence to prove that personal property is not being assessed at the statutory 60% factor and that we further direct defendants to equalize plaintiffs' personal property on a county-to-county basis with the county ratios as established by plaintiffs' evidence. We conclude that such relief is beyond the scope of these proceedings inasmuch as we granted the writ for the purpose of determining whether defendants had complied with the judgment in the Mernaugh case and not for the purpose of expanding the relief granted therein.

Judgment will be entered accordingly.

BIEGELMEIER, C. J., and WINANS and DOYLE, JJ., concur.

DUNN, J., concurs in result by written opinion.

DUNN, Justice (concurring).

I concur that the Mernaugh case clearly directed the defendants to equalize plaintiffs' real property on a county-to-county basis in accordance with the county ratio. In doing so, however, I express no opinion on the merits of the directions given in the Mernaugh case.