## BURLINGTON NORTHERN RAILROAD COMPANY, Applicant,

### v.

## The CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, FALL RIVER COUNTY, Respondent,

### and

## County of Fall River, a political subdivision of the State of South Dakota, and Edgemont School District 23-1, Intervenors and Respondents.

### 17938.

Supreme Court of South Dakota.

Argued Aug. 31, 1992.

Decided March 10, 1993.

Rehearing Denied April 19, 1993.

Mark F. Marshall of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for applicant.

Mark Barnett, Atty. Gen., Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for respondent.

Patrick M. Ginsbach, Fall River County Deputy, State's Atty., Hot Springs, for intervenor Fall River County.

Richard A. Pluimer of Carr & Pluimer, Belle Fourche, for intervenor Edgemont School Dist. 23–1.

AMUNDSON, Justice.

Burlington Northern Railroad Company (Burlington Northern) brings an Application for Writ of Certiorari seeking review of the Seventh Judicial Circuit's (Seventh Circuit) jurisdiction to hear an appeal from the South Dakota Department of Revenue's (Department) valuation of Burlington Northern's centrally assessed property. We grant the Writ of Certiorari.

FACTS

Railroads, such as Burlington Northern, are centrally assessed by Department under the provisions of SDCL ch. 10–28. Under that chapter, the Secretary of Revenue (Secretary) assesses all of the property "actually and necessarily used in the operation" of the railway as a single unit. SDCL 10–28–1. On or before May 1, each railroad is required to file an annual statement, the contents of which are prescribed by statute, to assist Secretary in assessing the railroad's property. SDCL 10–28–3. Each railroad then receives written notice

from Department of the unit value assessed for that year. SDCL 10–28–15.

A railroad which disagrees with the assessment may appeal the assessment to the State Board of Equalization (Board). SDCL 10–38–2. This right to appeal the assessment is no different than the right to appeal granted to any other taxpayer in the state at the local level. Regardless of whether an appeal is taken, Board equalizes the assessed values and allocates them to the counties in which the railroad operates. SDCL 10–6–34.1, 10–28–15. Department then notifies the railroad, county auditor, and municipal finance officers of the allocation. SDCL 10–28–15, –16, and –17. This notification is in the form of a "Certificate of Assessment of Equalization and Levy" (Certificate).

Burlington Northern received, but did not appeal, its 1991 assessment from Department. However, on September 26, 1991, Fall River County (County) took issue with the valuation of Burlington Northern's railroad property located within its boundaries and filed a notice of appeal from the Certificate for 1991. The appeal asserted that Board undervalued certain centrally assessed utility property in Fall River County. The record of the Board was certified to the Seventh Circuit and the Seventh Circuit granted intervention to Edgemont School District # 23–1 (District), and Black Hills Power and Light Company (BHP & L).

On February 11, 1992, BHP & L filed a motion to dismiss questioning the Seventh Circuit's jurisdiction. Prior to the Seventh Circuit hearing the motion to dismiss, BHP & L settled with County and District.

On March 26, 1992, Board also filed a motion to dismiss alleging no jurisdiction. The Seventh Circuit denied the motion on April 1, 1992.[1]

The Seventh Circuit settled the litigation between the remaining parties. Burlington Northern was neither a party to, nor took any part in, the litigation. The Seventh Circuit entered its findings of fact and conclusions of law whereby the valuation of

Burlington Northern's centrally assessed property in Fall River County increased from $3,307,692.00 to $35,459,734.00. Burlington Northern then sought a writ of certiorari from this court vacating the judgment of the Seventh Circuit for lack of jurisdiction.

## ISSUE

Whether the Seventh Judicial Circuit exceeded its statutory appellate jurisdiction?

## ANALYSIS

This court, under SDCL 21–31–1, may grant a writ of certiorari when an inferior court has "exceeded [its] jurisdiction, and there is no writ of error or appeal nor, in the judgment of the court, any other plain, speedy, and adequate remedy." This court's review upon writ of certiorari "cannot be extended further than to determine whether the inferior court ... has regularly pursued the authority of such court...." SDCL 21–31–8. Thus, the question before this court is simply whether the Circuit court had proper appellate jurisdiction to hear County's appeal from the Certificate. Our review does not extend to the valuation itself.

■ The right to any appeal is statutory and established by the legislature. This court has consistently recognized that the right to an appeal is purely statutory and no appeal may be taken absent statutory authorization. *South Dakota Dep't of Transp. v. Freeman*, 378 N.W.2d 241, 241 (S.D.1985); *Oahe Enter. Inc. v. Golden*, 88 S.D. 296, 299, 218 N.W.2d 485, 487 (1974); *County Sch. Bd. v. Cottonwood Sch. Dist. No. 41*, 81 S.D. 530, 531, 137 N.W.2d 882, 883 (1965); *In re Swanson's Estate*, 71 S.D. 622, 623, 28 N.W.2d 663, 663 (1947). An attempted appeal from an order or administrative act from which no appeal lies is a nullity and confers no jurisdiction on the court except to dismiss it. *Oahe Enter. Inc.*, 88 S.D. at 299, 218 N.W.2d at 487.

Under the South Dakota Constitution, "[t]he circuit courts have such appellate

1. This ruling by the court was not appealed by the Board.

jurisdiction as may be provided by law." S.D.Const. art. V, § 5. By statute, "[t]he circuit court has jurisdiction of appeals from all final judgments, decrees or orders of all courts of limited jurisdiction, inferior officers or tribunals, in the cases prescribed by statute." SDCL 16-6-10. There are several methods of appeal provided by statute in Title 10, Taxation.

■ Seventh Circuit briefly addressed the right of appeal provided in SDCL 10-1-41. That statute provides the right of appeal to the circuit court for any aggrieved party from a decision of the secretary of revenue relating to "licensing, revocation of license, compromise, or adjustment of taxes, or refund of taxes...." SDCL 10-1-41. That statute is inapplicable to these facts as it deals with the adjustment or refund of taxes and not with the equalized valuation of property as disputed here. Furthermore, the 1991 Certificate, from which County and District take their appeal, is not a final judgment or decision, but rather is the annual notification that County and District receive as to the assessed values of the utilities within their boundaries as determined by Department and equalized by Board. *See* SDCL 10-28-16, -17.

■ The legislature has not seen fit to provide for an appeal from the Certificate issued. SDCL 10-38-2.[2] The statute provides only that such appeals are to be made to Board by "[a]ny *utility* feeling aggrieved by the action of the state department of revenue." *Id.* (emphasis added). The statute fails to provide the right of appeal to Board for parties other than the aggrieved utility. *Id.*

The decision of Board is also appealable. SDCL 10-38-4. The appeal from Board's decision is not limited to utilities but may be brought by any interested party. SDCL 10-11-43. "Any person, firm, corporation, taxing district, governmental subdivision or agency interested ... may appeal from a decision of the state board of equalization to the circuit court for the county in which the property which is the subject of the

action is situated." *Id.* It is this type of an appeal that County and District allege to take in this case.

■ An appeal to Board, however, is a prerequisite to an appeal to the circuit court. *Id.* The legislature, in the centrally assessed arena, has vested the Department with authority to make the initial valuation and established Board as the initial appellate body for any aggrieved utility to look toward for relief in the event it disputes Department's valuation. By this statutory procedure, the legislature has thereby limited a direct appeal from this administrative agency. SDCL 10-38-2, 10-11-43. "The legislature exercises this prerogative when it locates the remedy for some cause of action in an administrative agency." In such cases, " 'that agency has exclusive primary jurisdiction which precludes the parties from directly seeking adjudication in a court.' " *Claggett v. Department of Revenue*, 464 N.W.2d 212, 213 (S.D.1990) (quoting *Meyerink v. Northwestern Pub. Serv. Co.*, 391 N.W.2d 180, 184 (S.D.1986)).

■ At issue in this dispute is the value of property owned by Burlington Northern and lying in County. Burlington Northern received its valuation assessment from Department as equalized by Board. At no point, however, did Burlington Northern appeal this valuation to Board. Because there was no Board decision from which to appeal, the necessary prerequisite for an appeal to circuit court was not met. "When the legislature provides for appeal to circuit court from an administrative agency, the circuit court's appellate jurisdiction depends on compliance with conditions precedent set by the legislature." *Claggett*, 464 N.W.2d at 214.

This court faced similar facts in *State ex. rel Pennington County v. Mernaugh*, 87 S.D. 495, 210 N.W.2d 409 (1973). In *Mernaugh*, several South Dakota counties sought relief from a reduction in the value of centrally assessed property within their boundaries. There, as here, no centrally assessed taxpayer had appealed the assess-

---

2. This statute was enacted to provide for a uniform method of appeal for *public utilities* which are centrally assessed. *1963 S.D.Sess.L. ch. 295, § 2.*

ment to Board. *Id.* at 499, 210 N.W.2d at 411. This court held that because the utilities (centrally assessed taxpayers) had not appealed to Board, the counties did not have an available opportunity to appeal from a decision of Board. *Id.* This court further held that the proper remedy for an aggrieved entity with no right to appeal is disposition by certiorari. *Id.* at 499–500, 210 N.W.2d at 411–12.

Applying *Mernaugh*, it is clear that the Seventh Circuit exceeded its jurisdiction in hearing the appeal of County and District because no appeal was first taken by Burlington Northern to Board. This court cannot recognize a right of appeal where the legislature has failed to statutorily provide one. *Freeman*, 378 N.W.2d at 241. Based upon review and appropriate construction of the current statute, we find it clearly and unambiguously provides the right to appeal at Board level only to utilities. SDCL 10–38–2. Absent an appeal to Board, there is no right to appeal to the circuit court. *Mernaugh*, 87 S.D. at 499, 210 N.W.2d at 411. *See also* SDCL 10–11–43. Whether it is appropriate to also provide a right to appeal at Board level for taxing entities is a question more properly resolved by the legislature. *Cottonwood Sch. Dis.*, 81 S.D. at 534, 137 N.W.2d at 884. It could be expedient to rule that County and District should have a right to contest the valuation in this case, but that would, in our opinion, infringe on the legislative right to establish appellate rights, which we decline to do. County and District have a forum in which to seek the establishment of an appropriate right of appeal, the legislature.

Seventh Circuit, County, and District urge the application of *City of Sioux Falls v. State Bd. of Equalization*, 87 S.D. 106, 203 N.W.2d 419 (1973). The facts in *City of Sioux Falls* are clearly distinguishable from this case because they include a Board decision from which to appeal to the circuit court. The centrally assessed taxpayer in *City of Sioux Falls* had appealed to the Board, and the county, although not a party at Board level, subsequently appealed to the circuit court. This court held that the county did not have to be a party in the appeal to Board in order to appeal Board's decision to circuit court. *Id.* at 110, 203 N.W.2d at 421. Unlike the case at bar, the *City of Sioux Falls* facts contain the prerequisite appeal to the Board, and thus the appeal authorized to the circuit court therein does not provide precedent for the appeal this case.

We find the language of the statutes clear and unambiguous. County and District have no right to appeal to Seventh Circuit absent a prior appeal to Board by Burlington Northern. We therefore grant the writ of certiorari vacating the judgment of the Seventh Circuit for lack of jurisdiction.

MILLER, C.J., and WUEST and HENDERSON, JJ., concur.

SABERS, J., concurs specially.

SABERS, Justice (concurring specially).

I write specially to also point out that the trial court took upon itself the task of reassessing the value of Burlington Northern's property. Even if the court did have proper appellate jurisdiction, South Dakota law clearly provides that any necessary reassessment is the responsibility of the Department, and not the court. *See* SDCL 10–38–14 and SDCL 10–28–1.