In the Matter of the Appeal of LAW-RENCE COUNTY, a Political Subdivision of the State of South Dakota from the Tax Assessment and Valuation of Agricultural Property Located in Lawrence County, South Dakota, for the year 1991.

Nos. 17802, 17820 and 17822.

Supreme Court of South Dakota.

Argued Oct. 6, 1992.

Decided May 12, 1993.

Jeffry Bloomberg, Lawrence County State's Atty., Deadwood, for appellant Lawrence County.

Roger A. Tellinghuisen, Fuller and Tellinghuisen, Lead, Reed C. Richards, Richards and Richards, Deadwood, for appellant Northern Hills Farmers and Ranchers Ass'n.

Mark Barnett, Atty. Gen., David D. Wiest, Asst. Atty. Gen., Pierre, for appellee State Bd. of Equalization.

Richard A. Pluimer, Carr and Pluimer, Belle Fourche, for appellee Rand Williams.

AMUNDSON, Justice.

Lawrence County and Northern Hills Farmers and Ranchers Association (Ranchers) appeal from a judgment entered by the Eighth Judicial Circuit setting an assessment factor [1] of 1.7 on agricultural property. The State Board of Equalization (State Board) and County Commissioner Rand Williams (Williams) file notice of review. We reverse.

## FACTS

Les Strand (Strand) was appointed as the Director of Equalization for Lawrence County in 1990 and served in that capacity until May, 1991. Strand assessed all real property in Lawrence County as of January 1, 1991. It is the 1991 assessment of agricultural property that is in dispute.

Agricultural property in Lawrence County had not been reassessed since 1977. In researching agricultural property values in Lawrence County, Strand discovered that the sales to assessment ratio for agricultural property in Lawrence County was 72.1% for 1990 and 22% for 1991. The sales to assessment ratio reflects the relationship of the selling price of a parcel of property to its assessed value. The South Dakota Legislature in 1989 mandated that this ratio be not less than 85% nor more than 100%.[2] SDCL 10-6-33.8.

Strand determined that applying an assessment factor of 3.4 to 1990 agricultural property values would be necessary to bring agricultural values into compliance with the statute. However, Strand felt that this figure was "unacceptably burdensome" and thus reduced the assessment factor to 2.5. Application of the 2.5 factor raised the agricultural property value per acre from $77 to $192. Based upon sale prices of agricultural property in Lawrence County, Strand determined $192 to be a more accurate reflection of the agricultural property's true and full value as required by statute.

This increase in property values spawned a large number of appeals to the County Board of Equalization (County Board). The Lawrence County Commissioners, sitting as County Board, considered the appeals on this valuation on a consolidated basis without a formal hearing, and reduced the 2.5 factor to 1.2 across the board. Four of the commissioners voted for the assessment factor reduction, while Commissioner Williams voted against the reduc-

---

1. An assessment factor is a number by which the previous valuations of land are multiplied to reach new valuations of such land. Using an assessment factor serves as an inexpensive means of revaluing property without having appraisers assess each piece of land individually.

2. This ratio is effective through December 31, 1993. On January 1, 1994, the ratio requirements will change to not less than 90% nor more than 100%.

tion and subsequently filed an appeal with State Board.

State Board heard testimony of Williams, Strand, and Lawrence County, as well as Ranchers, who were allowed to intervene. State Board found there was no credible evidence in the record to properly explain County Board's rationale or basis for the 1.2 assessment factor and reinstated Strand's initial valuation factor of 2.5.

Lawrence County then appealed State Board's action to the circuit court. After a hearing, the circuit court directed an assessment factor of 1.7 by using a 15% inflationary figure and the assigned value of $110. Lawrence County and Ranchers now appeal the 1.7 figure to this court, arguing that the 1.2 factor was appropriate. State Board and Williams file notice of review alleging the initial valuation factor of 2.5 should be used.

## ISSUES

1) Whether the South Dakota State Board of Equalization had jurisdiction to hear William's appeal of the County Board's reduction of the assessment factor for agricultural property?

2) Whether the Lawrence County Director of Equalization's initial 1991 assessed value of agricultural land substantially complied with South Dakota statutes?

## ANALYSIS

*1. Jurisdiction*

■ We first address State Board's jurisdiction to hear Williams' appeal of County Board's agricultural assessment rollback. The right to any appeal is statutory and established by the legislature. This court has consistently recognized that the right to an appeal is purely statutory and no appeal may be taken absent statutory authorization. *Burlington N. R.R. Co. v. Seventh Circuit Court,* 497 N.W.2d 440, 442 (S.D.1993); *South Dakota Dept. of Transp. v. Freeman,* 378 N.W.2d 241, 241 (S.D.1985); *Oahe Enter. Inc. v. Golden,* 88 S.D. 296, 299, 218 N.W.2d 485, 487 (1974); *County Sch. Bd. v. Cottonwood Sch. Dist.*

*No. 41,* 81 S.D. 530, 531, 137 N.W.2d 882, 883 (1965); *In re Swanson's Estate,* 71 S.D. 622, 623–24, 28 N.W.2d 663, 663 (1947). An attempted appeal from which no appeal lies is a nullity and confers no jurisdiction on the court except to dismiss it. *Oahe Enter. Inc.,* 88 S.D. at 299, 218 N.W.2d at 487.

■ Lawrence County and Ranchers claim that the State Board lacked jurisdiction to hear the appeal of Williams, alleging that he was not an aggrieved party as required in SDCL 10–11–42. SDCL 10–11–42 provides in pertinent part:

Any person, firm or corporation, public or private, feeling aggrieved by the action of the county board of equalization *relative to the assessment of its property* or any taxing district or governmental subdivision or agency in which such property is located, feeling aggrieved by the action of the county board of equalization may appeal to the state board of equalization for a determination of such grievance. (Emphasis added).

Persons aggrieved relative to the assessment of their property have the right to appeal to the State Board of Equalization from a decision of a county board. SDCL 10–11–42. However, the appellant's grievance must be with his *own* property.

The long-established precedent in this court is that a taxpayer does not have the right to challenge the tax valuation of another taxpayer's property. *Codington County Bd. of Comm'rs v. State Bd. of Equalization,* 433 N.W.2d 555, 560 (S.D. 1988); *In re Refusal of State Bd. of Equalization to Hear Appeal of Lake Poinsett Area Dev. Ass'n,* 330 N.W.2d 754, 756 (S.D. 1983); *In re Ericksen,* 69 S.D. 446, 451, 11 N.W.2d 141, 143 (1943) (*appeal dismissed,* 322 U.S. 712, 64 S.Ct. 1269, 88 L.Ed. 1554 (1944)); *Beveridge v. Baer,* 59 S.D. 563, 566–67, 241 N.W. 727, 728–29 (1932). In *Lake Poinsett,* this court distinguished between a non-agricultural property owner who attempts to increase the assessment or taxable percentage of agricultural property and a non-agricultural property owner who merely requests that his own property assessment be treated equally with the as-

sessments of agricultural property. *Lake Poinsett*, 330 N.W.2d at 756. Non-agricultural property owners requesting equal treatment with agricultural property owners are "persons aggrieved" within the meaning of SDCL 10–11–42. *Id.*

Williams appealed County Board's arbitrary rollback of agricultural property assessments to State Board; however, Williams is not an agricultural property owner. Thus, his appeal to the State Board did not concern his own property assessment. Likewise, Williams did not appeal asking that his non-agricultural property be assessed equally with agricultural property. Therefore, Williams cannot be viewed as an aggrieved person for purposes of an appeal to State Board as provided in SDCL 10–11–42.

Williams asserts that his appeal did not concern the agricultural property assessment itself but rather that it focused on the legality of County Board's resolution rolling back the assessment factor assigned by Strand.[3] Williams alleges that County Board's assessment value of 1.2 was arbitrarily and unjustifiably reached. In making this argument, Williams urges the application of *Hot Springs Indep. Sch. Dist. No. 10 v. Fall River Landowners Ass'n,* 262 N.W.2d 33 (S.D.1978). While *Hot Springs* also dealt with a County Board's arbitrary rollback of agricultural property assessments, the *Hot Springs* appeal was not brought by a non-agricultural property owner but rather was brought by the school district. Because the school district was a recipient of the taxes collected from agricultural property assessments, the school district was an aggrieved party for purposes of an appeal. The legislature in SDCL 10–11–42 has provided that any taxing district or governmental subdivision or agency aggrieved by County Board's actions may appeal to State Board. In the

facts before us, there is no school district, taxing entity, governmental subdivision or agency prosecuting this appeal before the State Board.

Williams was not a proper party to appeal County Board's agricultural assessment rollback. He was not an aggrieved party under SDCL 10–11–42, since he was neither appealing his own property assessment nor seeking to have his property treated equally with agricultural property owners. Neither was he a taxing entity, governmental subdivision or agency provided for under SDCL 10–11–42. As we have stated before, whether a party should have the right to an appeal is a decision to be made by the legislature not by the court. *See Burlington N. R.R.*, at 443–44. Because the legislature has not provided the right of appeal to a minority voting member of the County Board or to a property owner who desires to challenge the assessed value of his neighbor's property, State Board lacked jurisdiction to hear Williams' appeal. We reverse and remand the decision of the circuit court with instructions requiring the State Board to reinstate the decision of the County Board of Equalization.

## 2. Assessment of Agricultural Property

Even though this decision results in reinstatement, it should not be interpreted as approving the actions of County Board in arbitrarily rolling back the agricultural assessment,[4] an assessment performed as mandated by the legislature under SDCL 10–6–33.8.

The judgment of the circuit court is reversed with instructions to reinstate the original assessment of the Lawrence County Board of Equalization.[5]

WUEST and SABERS, JJ., concur.

3. We note that Williams sat as a member of the County Board when it issued the decision to roll back the assessment factor. Williams was the sole dissension in the roll back vote.

4. In its memorandum opinion, the trial court found County Board's rollback to be arbitrary and without any support in applicable statutory or case authority.

5. During oral argument, counsel for appellants advised this court that the ag property in Lawrence County has been reassessed in compliance with the dictates of SDCL 10–6–33.8 during 1992 and since the filing of this appeal on the 1991 assessment.

McKEEVER, Circuit Judge, concurs in result.

HENDERSON, J., concurs in part and dissents in part.

McKEEVER, Circuit Judge, sitting for MILLER, C.J., disqualified.

McKEEVER, Circuit Judge (concurring in result).

I concur with Justice Amundson's well-reasoned opinion that Mr. Williams had no right of appeal in this matter, due to lack of standing. He then logically concludes that this Court is required to reverse and remand the decision of the circuit court with instructions to require the state board of equalization to reinstate the decision of the county board of equalization.

However, I am unable to make any further findings or even indications thereof. Our finding that there was no right of appeal results in neither the state board nor the circuit court having jurisdiction to receive evidence or consider arguments in this case. The inherent jurisdictional defect ab initio precludes any further affirmance or rejection of any party's actions, because they are not before us for review under the state of the record.

Therefore, my concurrence is limited to the well-founded and reasoned determination that a lack of jurisdiction requires this Court to reverse and remand to the circuit court with instructions to direct the state board to reinstate the county board's actions. Beyond that, I can say not, and to any extent the majority opinion does so, I must withhold my concurrence.

HENDERSON, Justice (concurring in part; dissenting in part).

I agree with the legal discourse on Issue 1 for the reason set forth therein, namely that Williams is not an aggrieved party under SDCL 10–11–42. Therefore, as the majority points out, the State Board did not have the requisite jurisdiction to hear Williams' appeal. Inasmuch as the circuit court denied the Northern Hills Farmers and Ranchers Association's motion to dismiss based on a lack of jurisdiction of the State Board of Equalization, the circuit court must be reversed. Therefore, there being no jurisdiction, the circuit court must direct the State Board to reinstate the County Board's actions. It is wrong to express that, or suggest that, the County Board arbitrarily rolled back the agricultural assessment. Under our ruling, the County Board's actions stand. These actions should not be disparaged by obiter dicta.

The tendered majority opinion simply goes too far. Having decided there was no jurisdiction, a court lacks discretion to consider the merits of a case over which it is without jurisdiction. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). Consider, also, *Caplan v. Brandriet*, 63 S.D. 294, 258 N.W. 129 (1934), where we held that once it is determined that there is no jurisdiction, the merits of the appeal cannot be considered. *Accord: In the Matter of N.A.H. and K.A.H.*, 418 N.W.2d 310, 311 (S.D. 1988), where we held in a per curiam case that inasmuch as the trial court had no jurisdiction, we expressed "... consequently, this Court has no jurisdiction to address the merits of the case."

Having not fully explored and treated the County Board's action, this Court has no business, by inference, to treat the County Board's action as being arbitrary and contrary to SDCL 10–6–33.8. This statement likewise pertains to any footnote which attempts to treat matters not in evidence or briefed as an issue. *Fullmer v. State Farm Ins.*, 498 N.W.2d 357, 360–61 (S.D.1993).